Carter v. Woods Bros. Construction Co.

---

No. 26,531.

WILLIE CARTER, *Appellee,* v. (WOODS BROTHERS CONSTRUCTION COMPANY et al., *Defendants*) ALBERT HOOD and BOTTS & HOOD, *Appellants.*

SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION ACT—*Employees Within Act.* One who seeks employment from others operating under the workmen's compensation act in the construction of a hard-surfaced highway, who is told by their authorized foreman to "hang around, come down every day and I will find something for you to do," who is employed on three or more occasions for short periods for which he is paid the regular wage, who is asked by a regular employee to take his place and do his work for a while, who complies with the request, who is seen and talked to by the foreman while doing that work, and who is accidentally injured while so doing, is an employee within the terms of the workmen's compensation act and is entitled to compensation under it.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed March 6, 1926. Affirmed.

*W. L. Wood,* of Kansas City, for the appellants.
*James M. Meek,* of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an appeal from a finding made in a workmen's compensation case on an application for the appointment of an arbitrator that the relation of employer and employee existed between the plaintiff and Albert Hood and Botts & Hood, hereinafter called the defendants, and that the plaintiff is entitled to compensation from them by reason of an accident to the plaintiff and consequent injury sustained by him while in their employ.

The defendants were engaged in the construction of a hard-surfaced highway, and employed more than enough men to bring them within the operation of the workmen's compensation act. The plaintiff, at the time of his injury, was driving a team and wagon used by

Workmen's Compensation Act, C. J. p. 48 n. 35; L. R. A. 1916A, 115, 246; L. R. A. 1917D, 145; L. R. A. 1918F, 201; 28 R. C. L. 722.

the defendants in the construction of the road. He made application for the appointment of an arbitrator. The defendants denied that the plaintiff was in their employ. A stipulation was entered into by which it was agreed that the question of employment should be determined by the court, and if it were finally determined that the relation of employer and employee had existed, an arbitrator should be appointed. The question at issue was presented to the district court, and evidence was heard thereon. The court found:

"That on said 5th day of August, 1924, the relation of employer and employee existed between the said Willie Carter and Albert Hood and Botts & Hood. That on said date Willie Carter received an injury by accident which arose out of and in the course of his employment with the said Albert Hood and Botts & Hood, and that he is entitled to recover compensation from them therefor. The amount of said compensation and the manner of the payment thereof to be ascertained and awarded under the provisions of the workmen's compensation act of the state of Kansas by an arbitrator to be hereinafter appointed."

The defendants argue that there was no evidence to support the finding that the relation of employer and employee existed. There was evidence which tended to prove that the plaintiff had been seeking employment from the defendants; that he had been told by a foreman to "hang around, come down every day, and I will find something for you to do"; that, on three or more occasions, he had worked for the defendants for from two or three hours to three or four days, for which the defendants had paid the plaintiff the regular wage; that when the plaintiff had worked for the defendants, it was to supply the place of some employee who, for the time being, was not working; that at the time the plaintiff was injured, the driver of one of the teams and wagons used by the defendants asked the plaintiff to take his place and drive for a short time; that the plaintiff did so, and drove the team and wagon to where wagons were being loaded with dirt in making an excavation for the highway; that the defendants' foreman, who had authority to employ and discharge laborers and who kept an account of the time that they worked, saw the plaintiff driving the team and wagon and getting the wagon loaded with dirt, talked with the plaintiff about the work he was doing, and did not make any objection to the plaintiff's working; and that while the load of dirt was being unloaded, the plaintiff was injured.

The defendants cite 26 Cyc. 1085, where it is said that:

"A person who voluntarily assumes to act as the servant of another cannot recover for personal injuries as though he were in fact a servant."

They also cite 18 R. C. L. 577-580, the opening statement of which is:

"The rule is well settled that a person who is procured by an employee to act as his substitute or to assist him in his duties, the employer assenting to the arrangement, occupies the position of an employee, and that the duty owed him by the employer is the same as that owed to other employees."

In a case arising under the factory act of this state, sections 44-104 and 44-105 of the Revised Statutes, *Bollinger v. Hill City,* 116 Kan. 604, 227 Pac. 265, this court said:

"A municipal electric-light plant wherein electric current is manufactured by means of dynamos and other machinery, which current is conducted by wires to the customers of the municipality and to whom the municipality sells the electricity, is within the purview of the factory act.

"A person laboring in a municipal electric-light plant, as above stated, although not an employee of the municipality, is within the protection of the factory act."

Section 44-508 of the Revised Statutes reads, in part, as follows:

" 'Workman' means any person who has entered into the employment of or works under contract of service or apprenticeship with an employer, but does not include a person who is employed otherwise than for the purpose of the employer's trade or business."

The plaintiff was performing labor for the defendants in the construction of the highway; they through their foreman knew that fact; they did not forbid the plaintiff working, but acquiesced in it. This court cannot say that the trial court was not right in concluding that the relation of employer and employee existed and that the plaintiff is entitled to compensation under the workmen's compensation law.

The judgment is affirmed.