## Atherholt *v.* William Stoddart Co., Appellant.

*Workmen's compensation—Course of employment—Automobile chauffeur—Act of June 2, 1915, section 104, P. L. 736.*

1. A finding by the workmen's compensation board sustained by the common pleas, that a chauffeur was temporarily employed by a corporation against which compensation was claimed for his death, is not inconsistent with his general employment as private chauffeur by the president of the corporation.

2. While the fact as to who pays wages is an element that may be considered in determining the presence of the employer-employee relation, it is by no means controlling.

3. Section 104 of the Act of June 2, 1915, P. L. 736, in defining an employee as one who performs services for another "for a valuable consideration" does not specify that any particular person shall pay this consideration.

4. The language of the act is not to be construed as conditioning liability to meet a claim for compensation on payment of wages by the person against whom the claim is made, or on the existence of an obligation to so pay wages.

Argued April 12, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 170, Jan. T., 1926, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1925, No. 2485, affirming decision of Workmen's Compensation Board, allowing claim, in case of Hazel Atherholt v. William Stoddart Co. Affirmed.

Appeal from decision of Workmen's Compensation Board allowing claim. Before FULLER, P. J.

The opinion of the Supreme Court states the facts.

Decision affirmed. Defendant appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*E. F. McGovern,* with him *Harry Reiss Axelroth* and *Arthur Thorburn Porteous,* for appellant, cited: Byrne v. Brewing Co., 259 Pa. 357.

*Roger J. Dever,* for appellee, cited: Tarr v. Coal & Coke Co., 265 Pa. 519; Crouse v. Lubin, 260 Pa. 329.

PER CURIAM, May 3, 1926:

This is an appeal by the William Stoddart Co., a corporation, from a judgment affirming an award made by the Workmen's Compensation Board in favor of claimant, Hazel Atherholt, for the death of her husband, Loren Atherholt. Claimant's husband was regularly employed as private chauffeur by Harry Stoddart, who was president of defendant corporation. At times, however, Atherholt, at Stoddart's request, went to defendant's establishment and assisted in the business there conducted, but he received no compensation from the corporation. While engaged, with two regular employees of defendant, in delivering goods for the company, from its truck, which he had been driving, Atherholt fell and sustained injuries that led to his death. Defendant resisted the claims for compensation on the ground that Atherholt was not an employee of the Stoddart Company, but only of Harry Stoddart, individually. The referee found that the injury was sustained as an employee of defendant, and awarded compensation accordingly, which award was affirmed by the board and the court of common pleas.

It is not disputed that Atherholt suffered this injury while engaged in carrying on the regular business of defendant, and that it was customary for him to render such service more or less frequently. As was said in Tarr v. Hecla Coal & Coke Co., 265 Pa. 519, 522, "The finding of a temporary employment by defendant is not

inconsistent with the finding of a general employment [by another employer], and being one of fact we are concluded thereby." So here, the finding that Atherholt was temporarily employed by defendant is not inconsistent with his admitted general employment by Harry Stoddart, and there being sufficient evidence to support such a finding (Tarr v. Hecla Coal & Coke Co., supra, and cases there cited: Cayll v. Gas & Elec. Co., 172 Wis. 554, 179 N. W. 771), we are bound thereby: Thomas v. State Workmen's Ins. Fund, 280 Pa. 331, 333; Vorbnoff v. Mesta Machine Co., 286 Pa. 199, and cases there cited.

Defendant argues that, since it did not pay Atherholt and was under no obligation to do so, he was not its employee, pointing to section 104 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as concluding this question in its favor. While the fact as to who pays the wages is an element that may be considered in determining the presence of the employer-employee relation, it is by no means controlling: see Puhlman v. Excelsior Express Co., 259 Pa. 393; Crouse v. Lubin, 260 Pa. 329, 332; Cayll v. Gas & Elec. Co., supra, 179 N. W. 773. Section 104, in defining an employee as one who performs services for another "for a valuable consideration," does not specify that any particular person shall pay this consideration, and its language is not to be construed as conditioning liability to meet a claim for compensation on payment of wages by the person against whom the claim is made, or on the existence of an obligation to so pay wages.

The judgment is affirmed.