# Peter F. Zenker *v.* T. F. Zenker and the Fidelity & Casualty Company of New York, Appellant.

*Workmen's Compensation—Injury off the premises—Course of employment—Furtherance of employer's business—Act of June 2, 1915, P. L. 736, section 301.*

In a claim under the Workmen's Compensation Act there was evidence that the claimant was employed by his father as a truck driver. He was injured in an accident while driving his mother and sister in his father's car at his father's direction to the place where they were to spend their vacation. There was further testimony that his wages continued during the period of his absence.

Such an errand is not within the definition of section 301 of the Compensation Act providing that injuries to be compensable must have been received in the course of employment or in furtherance of the business and affairs of the employer.

Where an insurance carrier is to be held liable for compensation to an employee, who was injured off the premises of the employer, it must be shown that his errand or work bears some relation to the business, enterprise, trade or profession whose operations were insured. It was not within the contract of insurance nor does the Workmen's Compensation Act provide that injuries received outside the course of employment and while engaged in private affairs should be compensable.

Argued March 6, 1928. Appeal No. 14, February T., 1928, by defendant from judgment of C. P., Lackawanna County, January T., 1927, No. 507, in the case of Peter F. Zenker v. T. F. Zenker and the Fidelity & Casualty Company of New York, insurance carrier. Before HENDERSON, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Appeal from award of the Workmen's Compensation Board. Before MAXEY, J.

The facts are stated in the opinion of the Superior Court.

The court sustained the award and entered judgment for the plaintiff in the sum of fifteen hundred dollars. The insurance company appealed.

*Error assigned* was the judgment of the court.

*William G. Wright,* and with him *John M. Kelly,* for appellant.—The injury did not occur in the course of employment: Knorr v. C. R. R. of N. J., 268 Pa. 173; Maguire v. Lees, 273 Pa. 85.

*Myer Kabatchnick,* for appellee.—The plaintiff was engaged in the furtherance of the business and affairs of his employer: Messer v. M'f'rs. Light and Heat Company, 263 Pa. 5; Haddock v. Edgewater Steel Company, 263 Pa. 120; Bridge v. Lomax, 69 Pa. Superior Ct. 111; Matis v. Schaeffer, 270 Pa. 141.

OPINION BY KELLER, J., April 16, 1928:

There is no dispute of fact in this case. T. F. Zenker is a contractor and builder in the City of Scranton. He employs in his business from five to twelve men, depending on "how large the job is"; "average about six men." His workmen's compensation liability as such employer is insured in The Fidelity & Casualty Company of New York, the appellant. One of his employes in the contracting and building business was his son, Peter F. Zenker, the claimant, whose job it was to drive a truck, run the concrete mixer and act as general handy man about the business. He worked eight hours a day and was paid seventy cents an hour. He lived at home with his father and paid his mother $10 a week board.

On August 4, 1924, his mother asked his father if he (the claimant) could drive her and some other members of the family to Chenango Forks, N. Y., where they intended to spend their vacation. The trip had nothing to do with the building and contracting business. His father assented, and told him to go. Accordingly the next day, August 5th, the claimant took his own seven-passenger touring car and drove his mother and the family party to Chenango Forks, coming back himself the next day. On the way back, at

Clark's Summit, in this State, a cinder or bit of coal dust flew into his left eye, eventually causing the loss of its sight. He was paid his regular wages, or rather for eight and one-half hours each day, while he was away on this trip. Eight months after the accident he filed this claim petition for compensation. The referee awarded compensation. The Board, after some hesitation and a return of the record for further evidence, affirmed the award, and the court below entered judgment for the claimant.

The Board found that the claimant in this case "was off the premises of his employer and was not engaged 'in the furtherance of the business of the employer'." It held, however, that the word 'affairs' was broader in meaning than 'business,' and that "if the employer made it part of his affairs to send his family to New York State, an accident to the claimant while so engaged would be within the scope of the act."

The appellant here is the insurance carrier. Under the Workmen's Compensation Act, section 305, every *employer liable under the act to pay compensation,* unless specially exempted by the Board, is required to insure the payment of such compensation in the State Workmen's Insurance Fund, or in some insurance company authorized to insure such liability in this Commonwealth; and provision is made later in the section as to the rights of the employe in case the employer fails to take out such insurance. Subsequent sections of the act provide for procedure against the insurance carrier in case of a claim against the employer.

It seems clear to us that the act contemplates the insurance of an employer with respect to the business which he is carrying on—not with respect to roving errands wholly disconnected and apart from the business which the employer is conducting and with respect to which he secures compensation insurance. We are also of opinion that there is no practical distinc-

tion between the words 'business' and 'affairs' as used in section 301 of the act, both being intended to apply to the business, occupation or profession, as the case may be, of the insured employer. We think this is apparent from the language of the section itself. After providing that the term 'injury by an accident in the course of his employment' shall include injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, it continues, "and shall include all injuries caused by *the condition of the premises or by the operation of the employer's business or affairs thereon,* sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or *upon which the employer's business or affairs are being carried on,* the employee's presence thereon being required by the nature of his employment." It is not likely that the same word is used in wholly different senses, so closely together, in the same section of the act, and the portion quoted above clearly shows that the word 'affairs' is used as practically analogous to 'business,' and as referring to the operations carried on by the employer with respect to the business, mercantile or manufacturing establishment, or profession in which he is engaged.

If an insurance carrier is to be held liable for compensation to an employe as the result of an 'injury by an accident in the course of his employment' it should at least appear that the injury, if it occurred off the employer's premises, had some connection or was concerned in some manner with the business of the employer whose insurance the carrier undertook. The connection or interest need not be close—the injury need not arise out of the employment—but when the accident occurs off the employer's premises, the errand or work of the employe must bear some relation to the business, enterprise, trade or profession

whose operations were insured.   The term 'employe' as used in the act excludes persons whose employment is casual in character, "and *not in the regular course of the business of the employer"* (Sec. 104), showing what was contemplated by the act.

This principle is reflected in the decisions relating to the lending of a workman by one employer to another, which have held that in such case the lending employer is not liable to compensation for injury resulting from an accident in the course of the new and temporary employment, though the employer to whom the workman is lent may not pay him any wages at all, or may do so only by reimbursement to his regular employer.

Thus in Atherholt v. William Stoddart Co., 286 Pa. 278, the claimant's husband was regularly employed as a private chauffeur by Harry Stoddart, president of the defendant corporation.   At times, by Stoddart's direction, he drove a truck for the defendant corporation in connection with the delivery of its goods.   He was paid no compensation by the corporation, but received his usual wages from Stoddart.   While driving defendant's truck he sustained injuries that resulted in his death.   A finding by the Board that he was at the time of the injury in the employment of the defendant, and consequently not in the employ of Stoddart, was sustained, the court holding that the payment of wages was not controlling in determining the presence of the employer-employe relation.   In Tarr v. Hecla Coal & Coke Co., 265 Pa. 519, the claimant's husband was a regular employe of the H. C. Frick Coke Co.   At the request of the defendant he was sent by his employer to the defendant's mine to assist in putting out a fire, and was asphyxiated while doing the work for which he had been sent.   His wages had not been fixed or discussed.   It was held that at the time of his death the workman was the employe of the defendant and not of his regular employer.   In

Sgattone v. Mulholland & Gotwals, 290 Pa. 341, Sgattone was regularly employed by DiSandro & Son, sewer contractors, as a dynamiter. Mulholland & Gotwals, who were opening land for building purposes, asked DiSandro & Son for the loan of a skilled dynamiter and they sent Sgattone, who was killed in the operation. Claims for compensation were filed by his dependents against both firms and it was held that at the time of his death Sgattone was in the employ of Mulholland & Gotwals and not of DiSandro & Son. In Bowser v. Milliron Construction Co., 93 Pa. Superior Ct. 34 (279 October T., 1927), the claimant's husband was a regular employe of the Milliron Construction Co., a corporation whose stock was practically owned by W. W. Milliron. The latter, as president of the defendant company, directed him to go to the farm of his brother, H. A. Milliron, and assist in the work there. H. A. Milliron had gotten behind in his work by reason of time spent on some cottages nearby belonging to W. W. Milliron. Bowser's wages while at work on the farm continued to be paid by the defendant corporation. He was kicked by a horse and died from the injury. It was held that compensation could not be had from the defendant corporation, his regular employer.

It is true that in all these cases the decision was placed largely on the ground that the workman was not at the time of the injury under the direction or control of his regular employer. See Byrne v. Hitner's Sons Co., 290 Pa. 225, 230; Robson v. Martin, 291 Pa. 426, 429. But it is just as true that he was not engaged on any work or errand bearing any relation to or connection with the business or affairs of his regular employer; nothing which an insurance carrier who insured the liability of the employer for workmen's compensation could have foreseen as even remotely connected with the risk undertaken.

Our courts have properly placed a liberal construc-

tion on the Workmen's Compensation Act,—liberal in behalf of the injured employe—having in view the humanitarian purpose of the Act, which was to afford some relief to an employe injured in the course of his employment from the loss of wages consequent upon his injury and to absorb this loss in the cost of operating the business, to be paid ultimately by the consuming public; but if the Act is to be made effective by requiring such risk to be insured in an insurance company, the latter is entitled to have its liability limited to the operations which it insures, and not extended to errands and commissions away from the premises used in the business and having no possible relation to or connection with it.

This appellant was bound to know that its policy covered every injury to any of T. F. Zenker's employes which happened in the course of their employment in his building and contracting business, whether on premises occupied by him in such business, permanently or temporarily, or away from said premises on errands connected in any manner with said business, and in furtherance of its affairs; but by no stretch of the imagination could it be conceived that its policy would be extended so as to include an injury received by Zenker's son, even though an employe in his business as builder and contractor, on a family trip undertaken for pleasure and having no relation to or connection with the business of the employer. In our opinion it was never intended to cover injuries of that nature. The whole scheme of the Act and its provisions for insuring liability are opposed to it. See, inter alia, sections 104, 203, 302(b), and 313.

The judgment of the court below, in so far as it imposes liability on the appellant insurance carrier, is reversed and the award of the Compensation Board is to that extent set aside.