Persing, Appellant, *v.* Citizens Traction Co.

Argued September 25, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Maurice P. Breene,* with him *Gervaise G. Martin,* for appellant.—Where the instrumentality (in this case the car and its brakes) which causes the injuries sued for is under the exclusive control of defendant and it appears unreasonable to assume that the accident could, or would, have happened had such instrumentality been in a reasonably safe condition for the purpose intended, the mere fact of the accident raises a presumption of negligence and casts the burden of exoneration on de-

fendant and no direct evidence of the negligence charged is required: Gawronski v. McAdoo, 266 Pa. 449; McCoy v. Ohio Valley Gas Co., 213 Pa. 367, 371-2; Janock v. R. R. Co., 252 Pa. 199; Booth v. Dorsey, 208 Pa. 276; Campbell v. Traction Co., 201 Pa. 167; Caffrey v. Rapid Transit Co., 249 Pa. 364; Dei v. Stratigos, 287 Pa. 475.

It may also in this connection be emphasized that the declarations of defendant's motorman in exclusive charge of the car and its brakes, immediately before the accident, in effect that the brakes would not work, are admissible as part of the res gestæ and as showing defendant's negligence in not providing safe brakes: Shafer v. Lacock, 168 Pa. 497; Hanover R. R. v. Coyle, 55 Pa. 396; Elkins v. McKean, 79 Pa. 493; P. R. R. v. Lyons, 129 Pa. 121.

*E. C. Breene,* of *Breene & Jobson,* for appellee.—Appellant was not an employee of appellee at time of injury: Sgattone v. Mulholland & Gotwals, 290 Pa. 341; Tarr v. Coal & Coke Co., 265 Pa. 519.

An employee seeking to recover damages against his employer must show something more than the mere happening of an accident: Dei v. Stratigos, 287 Pa. 475; Durning v. Hyman, 286 Pa. 376; Murray v. Frick, 277 Pa. 190.

OPINION BY MR. JUSTICE SADLER, November 26, 1928:

Persing, a motor mechanic employed generally by one Jeffrey, brought an action in trespass against the Citizens Traction Company, defendant, to recover damages for injuries received through its negligence in the operation of a trolley car equipped with brakes claimed to be defective. It appears that, on March 21, 1926, the power supply of the railway company was cut off by reason of high waters which inundated its electric plant, and as a result the cars operating in Oil City were brought to a standstill. Jeffrey, engaged in the automobile business, was the owner of one or more tractors

which he, from time to time, hired for service. Some thirty days previous to the time of the accident complained of he had let for temporary use to the traction company a machine to be used in moving a stalled trolley car. On the evening in question he again agreed to furnish motive power, with an operator. He was asked to bring the tractor, with a driver, to the point on the highway where the car was standing, and there receive orders to be given by the employee of the defendant as to the service to be performed. The machine, with Persing in control, was sent as requested; and the instructions as to the work to be done, and the manner of performing it, were given solely by the employee of the railway company. A steel cable was attached to the front of the trolley car so that it could be pulled to the nearest storage barn. The car itself was in charge of the motorman, who depended on hand brakes to control its movement, a course made necessary by reason of the cutting off of the electric current. It was drawn forward by the tractor until a down grade was reached. In descending this, an unsuccessful effort was made to regulate its momentum by the use of the hand brakes, but, gaining speed, it collided with the tractor in front, causing the injuries to Persing.

It is first claimed that the street railway company was acting beyond its charter rights in propelling its car by other than electric power, and, being engaged in an unlawful act, was responsible for the injury resulting, but we see no merit in the suggestion made. Its vehicle was upon the tracks located on the city street, where it had the right to be, and it was necessary that to move it as expeditiously as possible to its storage barn so that traffic on the highway might not be impeded. Evidence was also offered at the trial to show that the brakes on the street car were defective, and thus establish negligence on the part of the defendant company. Whether sufficient proof was offered to establish the lack of proper care, so as to make this question one for a jury, need not

be considered in disposing of the present appeal, since a compulsory nonsuit was properly granted for another reason appearing by the record. In passing, it may be noticed that the doctrine of res ipsa loquitur does not apply in a case such as this, though the contrary has been argued by the appellant. The trolley was, however, in the control of the employees of the defendant company, and, were the case one for a jury, proof of but slight negligence would have been sufficient to justify a verdict for the plaintiff: Durning v. Hyman, 286 Pa. 376; Dei v. Stratigos, 287 Pa. 475; Murray v. Frick, 277 Pa. 190.

The real question for determination rests on the ruling of the court below which formed the basis for the entry of the nonsuit. It held that, under the circumstances presented, Persing, though generally employed by Jeffrey as a mechanic in his automobile business, was for the time being let as a driver of the tractor to the railway company. While so engaged he was under the control and subject to its orders, and, as a result, must be treated as an employee of the defendant at the time of the accident. The court therefore held that the Workmen's Compensation Act controlled, and any redress for the injury sustained must be secured as therein provided. If Persing was at the time a servant of the street railway company, then the legislation referred to (June 2, 1915, P. L. 736) furnished a proper and exclusive method for securing compensation for the loss suffered in the course of his service, as its provisions were impliedly accepted by him. Where the plaintiff is within the scope of this statute when the injury occurs, an award of compensation as therein fixed must be held to furnish the only satisfaction obtainable, and an action in trespass will not lie: Miller v. Reading Co., 292 Pa. 44; Liberato v. Royer, 81 Pa. Superior Ct. 403, 281 Pa. 227, affirmed 270 U. S. 535. On the other hand, if not an employee of defendant within the meaning of the Compensation Act then a common law action for damages

was properly brought, and, upon proof of negligence, a recovery could have been had: Gallivan v. Wark Co., 288 Pa. 443.

What was the relationship of the parties as disclosed by the record? Persing was employed as a mechanic by Jeffrey, and the latter let the tractor, as on a previous occasion, for temporary service in moving the trolley car. The instructions as to the manner of operation and the supervision of his service were solely in the hands of the motorman of the defendant company. Though Jeffrey was present at the time of the accident, he was not in charge of the movement of the rented machine. Had the latter been interested not only in the result to be reached, but retained control of the means of accomplishing it, he would be considered an independent contractor, and a different question would be presented (Brooks v. Buckley & Banks, 291 Pa. 1), but, under the circumstances disclosed, he could not be so treated, and his employee had become, for the time being, the servant of defendant: Smith v. State Workmen's Ins. Fund, 262 Pa. 286; Kelley v. D., L. & W. R. R. Co., 270 Pa. 426; Bojarski v. Howlett, 291 Pa. 485.

If the plaintiff became a temproary servant of the defendant company, then no recovery in a common law action of trespass could be sustained. To defeat his suit, it was necessary to show that he was an employee, and this appears affirmatively from the record: Carville v. Bornot & Co., 288 Pa. 104. In determining the controlling fact, it is immaterial that he was employed generally by a second person, in this case Jeffrey: Atherholt v. Stoddart Co., 286 Pa. 278; Lecker v. Valentine, 286 Pa. 418; Bowser v. Milliron Construction Co., 93 Pa. Superior Ct. 34. The question is: Who had the control of the one injured at the time of the accident?: Byrne v. Hitner Sons, 290 Pa. 225. Though the payment of wages may aid in determining the real employer (Atherholt v. Stoddart Co., supra; Sgattone v. Mulholland & Gotwals, 290 Pa. 341), it alone is not a deter-

mining factor; and even if no compensation had been fixed (Tarr v. Hecla C. & C. Co., 265 Pa. 519), or the amount is dependent on the extent of the work which might be performed (Callihan v. Montgomery, 272 Pa. 56), or the sum due is to be paid to the general employer, who in turn reimburses the mechanic (Sgattone v. Mulholland & Gotwals, supra; Robinson v. Martin, 291 Pa. 426), such situation will not in itself be sufficient to show the one injured not to have been the employee of the person for whom the service is for the time being performed.

"It sometimes happens that one wishes a certain work to be done for his benefit, and neither has persons in his employ who can do it, nor is willing to take such persons into his general service. He may then enter into an agreement with another. If that other furnishes him with men to do the work, and places them under his exclusive control in the performance of it, those men become pro hac vice the servants of him to whom they are furnished": Standard Oil Co. v. Anderson, 212 U. S. 215, followed in Linstead v. C. & O. Ry. Co., 48 U. S. Supreme Ct. Reporter 241, 72 L. ed. 319. A common illustration of the application of this principle is found in those cases, similar to the one at bar, where a team is let to be driven by an employee selected by the owner, the hirer reserving control of the manner of performing the work to be done. In such case the latter becomes, for the time being, obligated as master: Lecker v. Valentine, supra; Flaherty v. Trout, supra; Robson v. Martin, supra; McCall v. Bell Telephone Co., 79 Pa. Superior Ct. 505. Appellant suggests that this rule is to recognized only where the letting is by one not engaged in the general business of hiring, as appeared in Robson v. Martin, supra The application of the doctrine is not so limited, but covers cases where the service furnished is within the line of the regular business of the general employer, as illustrated by Puhlman v. Excelsior Cab Co., 250 Pa. 393.

The term employer, as used in section 103 of the Act of June 2, 1915, P. L. 736, is synonymous with master, and that of employee, found in section 104, is the equivalent of servant. If such relationship exists, then the Compensation Act applies, unless the employment be merely casual and not in the course of the employer's business. To exclude the operation of the act, both of these elements must appear: Callihan v. Montgomery, supra; Blake v. Wilson, 268 Pa. 469. The fact that the work undertaken is merely occasional, and therefore casual, is not in itself sufficient to withdraw the case from the terms of the legislation referred to, if it appears that the service was within the usual business of the employer, general or temporary: Zenker v. Zenker, 93 Pa. Superior Ct. 255: Bowser v. Milliron Construction Co., 93 Pa. Superior Ct. 34; Ryan v. Press Publishing Co., 93 Pa. Superior Ct. 468.

The regular course of business means an ordinary operation which may be required to carry out the master's work: Blake v. Wilson, supra; Callihan v. Montgomery, supra. In the present case, the hauling of the trolley car to a place of safety, so as to remove an impediment to traffic, was unusual, but cannot be said to be other than within the scope of the duties undertaken in the operation of the street railway. From the facts presented, the court below correctly found that Persing was temporarily employed by the traction company in the carrying out of a duty imposed upon it and in furtherance of its business, and was to be treated as an employee within the meaning of the Workmen's Compensation Act. A nonsuit was properly entered on the grounds given by the court below. It therefore becomes unnecessary, as heretofore suggested, to consider whether there was sufficient avidence of negligence in the care of the hand brakes upon the car to justify an affirmative finding as to this fact by a jury, for the plaintiff was not in any event entitled to a verdict in this action of trespass.

The judgment is affirmed.