Geary *v.* Martin et al., Appellants.

Argued March 11, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUN-
NINGHAM, BALDRIGE and DREW, JJ.

*Harry J. Nesbit,* and with him *William H. Neely,*
for appellant.

312

*Victor Braddock,* for appellee.

Opinion by Trexler, P. J., April 15, 1931:

The facts are stated in the opinion of the lower court as follows:

"The defendant had for a number of years been doing business under the fictitious name of Martin Construction and Supply Co., engaged in the dredging of coal in the Susquehanna River in the vicinity of Harrisburg and hired the claimant as a chauffeur and general utility man in connection with that business; that the defendant had a number of landings,...... near these landings or one of them the defendant company erected a building which contained a kitchen, dwelling room, several bedrooms and a sun parlor used as an office by the defendant and also as a lookout to observe the condition of high or low water, etc., in connection with his business; that the defendant lived in Wormleysburg, Cumberland County, but occasionally he and his wife used the house for a day or two at a time; that on Saturday, May 18, 1929, the defendant ordered the claimant to drive the automobile in which they went to Swift's Packing House, ordered the claimant to go into the establishment, procure a roast of beef, which he did; they took it to the said building; the next morning after the claimant had his breakfast, which he prepared as usual and the defendant had his breakfast prepared by his cook, the latter complained of the roast having the ribs attached, whereupon the defendant chided the claimant for having accepted the roast with the bones attached and directed him to cut the bones from the meat and in attempting to do this the claimant cut himself in the groin from which blood poisoning resulted and later on by necessity the left leg was amputated. As on other mornings, the claimant drove the automobile from the City of Harrisburg to Heckton, taking the cook along, the cook and chauffeur both residing in

Harrisburg, where the automobile of the defendant was kept regularly at night. The defendant rose early, had his breakfast and was about to be driven as was usual on Sunday, by the chauffeur, the claimant, to various places in connection with his business. At times the defendant would receive some breakfast, coffee and cereal, from the claimant which he had prepared. The testimony does not disclose that he did any other work of the nature of a domestic servant. His wages were paid by the Martin Construction and Supply Company."

"The defendant contends that he is exempt from liability because the claimant was engaged at the time of the injury in the service of a domestic."

The lower court held that the case was ruled by that of Matis v. Schaeffer, 270 Pa. 141. The husband of the plaintiff in that case was employed by defendant as a laborer in a coal yard, but at times when business was dull, he was temporarily sent to a farm of his employer to assist those working there. Under these circumstances, he was at the farm pitching oats from a wagon when he had a sun stroke which caused his death the same night. The court held that the claimant's decedent was at the time and place which the accident occurred doing the work which the defendant as his employer sent him to do and that although working on a farm he was not engaged in agriculture within the meaning of the Workmen's Compensation Act which exempted the latter as well as those engaged in domestic service from the operation of the act. This case is parallel with the one we are considering.

In the Matis case, the compensation board and the lower court held that this exemption "applied to the general character of the contract of hiring only and did not refer to other casual or incidental work performed at the request of the employer." The Supreme Court states: "It would require a distor-

tion of the plain meaning of the words, to call decedent an 'agricultural worker' merely because he happened to be doing work which 'agricultural workers' ordinarily do.'' This language applies to the case we are considering if we substitute ''domestic work'' for agricultural work.

We think the case was rightly decided. Whether or not we would come to the conclusion that at the time he was injured, he was doing the work of a domestic servant or that of a butcher, the general character of the contract was that of driving the automobile in connection with the defendant's coal business and the casual incidental work done at the request of the employer in connection therewith was covered.

The judgment is affirmed.