Busch *v.* Bientzle, Appellant.

Argued October 2, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Charles E. Kenworthey,* of *Evans, Bayard & Frick,* for appellant.

*Lewis J. Finestone,* of *Freed & Finestone,* for appellee.

OPINION BY BALDRIGE, J., November 20, 1935:

This was an action of trespass to recover damages for personal injuries sustained by the plaintiff through the alleged negligence of a driver of one of defendant's trucks.

Judgment was obtained by the plaintiff, and this appeal by the defendant followed.

The sole question before us, as stated by appellant, is: "Was plaintiff an employee of defendant and as such barred from recovery at common law for an injury sustained unloading the truck in the regular course of defendant's business?"

On April 2, 1934, the plaintiff was standing on the street when the truck driver, in the presence, and within the hearing, of defendant, requested the plaintiff to get on the truck. They drove to a brewery a few blocks away where the truck was backed to a platform and the driver requested the plaintiff to throw off some empty beer boxes. After completing the unloading, the driver asked the plaintiff "to push up the tailboard." In order to do this, plaintiff was compelled to get between the tailboard and the platform, and, while he was in this position, the truck, with the driver in the seat, "rolled back" and injured the plaintiff.

The appellant's contention is that the plaintiff is barred from recovery in this action, and that his remedy, if he has one, is under the provisions of the Workmen's Compensation Act of June 2, 1915, P. L. 736.

The plaintiff, who at the time of the accident was 20 years of age, was unemployed. On previous occasions, with the knowledge of the defendant, he had rid-

den with the driver and assisted him in his work. There was no evidence of any definite compensation paid for these services other than a gratuity, or tip, in the sum of twenty-five or fifty cents, or a package of cigarettes. The affidavit of defense did not aver that the plaintiff was an employee under the terms of the Workmen's Compensation Act, but denied defendant's liability solely for the reason that the driver was not guilty of negligence; nor did the driver, the only witness called by defendant, testify that the plaintiff was employed. The learned court below stated in its opinion that the case was tried on the issue raised in the affidavit of defense, and that it was not until the argument for judgment n.o.v. that the defendant took the position relied upon in this appeal.

We concede, of course, that under section 104 of the Compensation Act (77 PS § 22), if an employee at the time of the accident is engaged in but casual employment in the regular course of defendant's business, the accident is compensable (Campagna v. Ziskind, 287 Pa. 403, 135 A. 124; McCall v. Bell Telephone Co., 79 Pa. Superior Ct. 505) ; and it is not necessary that the wages to be received must be definitely agreed upon, as the law implies that reasonable compensation will be paid if there is an employment (Tarr v. Hecla Coal Co., 265 Pa. 519, 109 A. 224) ; nor is it required that the employee be paid by the employer, as, for instance, when the employee is loaned: Atherholt v. Stoddart Co., 286 Pa. 278, 133 A. 504; Robson v. Martin, 291 Pa. 426, 140 A. 339; Persing v. Citizen's Traction Co., 294 Pa. 230, 144 A. 97. Furthermore, if an agent with authority either expressly or impliedly employs help for the benefit of his principal's business, he creates the relationship of employer and employee between such help and his principal.

But in the case before us, the plaintiff testified that the request to get on the defendant's truck was not con-

sidered by him as an employment. He definitely stated he was unemployed. There was no evidence offered upon the part of the defendant that he was obligated to pay any wages, or that the plaintiff was in his employ. No definite control was exercised over the plaintiff's movements. He could get off the truck when he pleased, or refuse to do any work assigned to him. No recovery could have been had in an action for a failure to pay for the slight work he performed, as there was no sufficient proof of a contract, either express or implied, of employment for wages. The sum which plaintiff received, which seems to have been twenty-five cents in this instance, was but a voluntary payment upon the part of the driver. There is no evidence to show that this gratuity was paid by the defendant. We recognize that who pays the wages is not controlling; but it is an element to be considered in determining the question of an alleged employment: Atherholt v. Stoddart Co., supra.

In the case of National Film Service v. Industrial Commission of Wisconsin (Wis.), 238 N. W. 904, cited by appellant, the plaintiff was actually engaged in driving defendant's truck, and there was stronger evidence of an employment than in the case at bar. Furthermore, the provisions of the Workmen's Compensation Act of Wisconsin are different from those in our act. Carter v. Woods Construction Co. (Kan.), 244 Pac. 1, and Herron v. Coolsaet Bros. (Minn.), 198 N. W. 134, are entirely dissimilar in their facts. In both of these cases, regular wages were to be paid to the plaintiffs.

We find no error in the refusal of judgment n. o. v. by the learned court below.

Judgment affirmed.