## Booth, Appellant, *v.* Freer et al.

Argued November 22, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Louis Wagner,* with him *Thomas J. Clary* and *Richard A. Smith,* for appellant.

*Arthur T. Porteous,* for appellee.

OPINION BY BALDRIGE, J., December 20, 1938:

The claimant, a painter, while working for defendant fell from a ladder and sustained a fracture of the neck vertebrae. The compensation authorities found that claimant's employment was casual in character and in the regular course of defendant's business, and granted an award for total disability. Upon appeal to the court of common pleas, exceptions to the board's findings and conclusions were sustained.

The lower court, in the first part of its opinion, recognized that under section 104 of the Workmen's Compensation Act of June 2, 1915, P. L. 736 (77 PS §22) in order to exclude an employee from the benefits of the statute his services not only must have been casual in character but also rendered outside the regular course of the business of the employer. But later he fell into error in stating that " 'casual' and 'not in the regular course,' etc. seem to us to be synonymous ...... In other words, it seems to us, casual employment may occur in the course of business, but not in the regular course of business. As stated before, our conclusion is that casual employment and employment in the regular course of business does not occur at the same time, so that if an employment is casual, it is not in the *regular*

course of business." He finally concluded that as claimant's employment was casual, it was not in the regular course of his employer's business.

It thus appears that the trial judge failed to understand if one is employed casually in the regular and normal course of his employer's business and meets with an accidental injury within the compensation act, he is entitled to an award. That has been the consistent construction given to section 104, supra: See *Tarr v. Hecla Coal & Coke Co.*, 265 Pa. 519, 109 A. 224; *Blake v. Wilson*, 268 Pa. 469, 112 A. 126; *Sgattone v. Mulholland & Gotwals, Inc. et al.*, 290 Pa. 341, 138 A. 855; *Fedak v. Dzialdowski*, 113 Pa. Superior Ct. 104, 172 A. 187; *Yahnert v. Logan Coal Co.*, 129 Pa. Superior Ct. 528, 195 A. 450.

The appellant relies mainly upon *Marsh v. Groner*, 258 Pa. 473, 102 A. 127, where the defendant, a married woman residing with her husband in a house owned by her, in the enlarging and remodeling of her home engaged the claimant to do some plastering work which would require a couple days. Only a few hours after claimant started his work, the scaffold gave way and he fell to the ground and was injured. There was not the slightest intimation in that case that the defendant in remodeling her home had any other object in mind but to make it more convenient and attractive for her own and her family's comfort, or that she had any other business than attending to her household duties. Of course, it it very apparent there that claimant's employment was casual and not in the regular course of his employer's business.

Now let us turn to the facts in the instant case. The defendant is employed by the DuPont Company. He is not a paint salesman. His regular business is the increasing of sales of paint products. He travels in many states, delivering lectures pointing out the uses and advantages of the paint products made by his employer. To successfully promote sales of a particular

product, he, individually and on his own responsibility, makes tests and demonstrates its advantages, so that, as he stated, he may be able to speak intelligently upon its worth and adaptability; that this method of physical test gives more dependable results than the reports of chemists. In carrying out this part of his work, he either applies the material, or, as in this case, has it put on under his directions. He is paid a salary and receives a bonus based on the actual amount of business done by his employer, also upon the success of his sales promotion products.

The defendant employed the claimant to apply certain paint experimentally as this particular product had not acted well on wood and he felt it would be advisable to try it on cement and stucco houses. His house was of that type and he had it applied thereto, not primarily for protection or appearances, but, as stated, to test and demonstrate the adaptability and serviceability of the paint on cement or stucco. The defendant admitted that this work in which claimant was engaged at the time of the accident was part of his regular business from which he made his livelihood, and that he previously had made other experiments of this general nature. The defendant carried compensation insurance, reported this accident to his insurance company, and signed an application for the payment of compensation to the claimant.

Under the facts presented, there was sufficient competent evidence to support the findings of fact and conclusions of law of the board. We find it necessary, therefore, to reverse the judgment entered by the court of common pleas, and hereby order that the record be remitted to the lower court with directions to enter judgment for claimant in accordance with the award of the board.