## Roller *v.* Patchen (et al., Appellant).

Argued April 8, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Clarence T. Bryan,* with him *Paul B. Joslin,* for appellant.

*John A. Blackmore,* for appellee.

OPINION BY PARKER, J., June 24, 1940:

In this claim for workmen's compensation the sole question raised by this appellant, defendant's insurance carrier, is whether the claimant was engaged in work in the course of his employment with defendant when he met with an accident. A referee and the board found as a fact that he was, and judgment was entered for him on appeal to a court of common pleas. We are all of the opinion that the evidence is sufficient to support the judgment.

Howard H. Roller, the claimant, for many years prior to December 30, 1937, had been employed by the defendant, Mark T. Patchen, who was engaged in lumbering operations at various places. In that connection

the employer operated a portable saw mill and Roller was engaged by him as a laborer in cutting and piling lumber and in moving, setting up and operating the mill. His hours of labor varied from eight to twelve hours per day dependent on the season of the year, the weather, and the particular work being performed. He was paid by the hour. On the evening of December 30, 1937, Roller had completed his labor at the mill and was on his way toward his home when at about 6:30 P. M. he met with an accident while assisting his master in moving the master's automobile to a garage for repairs. Ordinarily Roller's employment was terminated when he left the scene of operations at or around the mill and he would not in such case have been entitled to compensation after he left the premises *(Cronin v. American Oil Co.*, 298 Pa. 336, 340, 148 A. 476), but on this occasion Roller was performing an act of service for his master in respect to his employer's business and by the employer's express direction *(Haddock v. Edgewater Steel Co.*, 263 Pa. 120, 106 A. 196; *Cymbor v. Binder Coal Co.*, 285 Pa. 440, 132 A. 363). The fact finding bodies so found, and an examination of the facts produced demonstrates the correctness of their conclusion.

Patchen alternately used a truck and a Buick sedan in going to and from the places where his lumbering operations were conducted. He regularly used the sedan for transporting lumber, tools and gasoline. On the day in question he was using the sedan and on the morning trip, while on his way to the mill, his car failed to work so that it was necessary to call a repairman from a garage to work upon it. When he finished work for the day he had difficulty in starting the car and for that reason he directed Roller and one Gardner, a fellow employee in whose car Roller was about to return to his home, to follow him and see if he needed help. When Patchen had gone about two hundred feet the motor ceased to operate and the owner asked the assistance of Gardner and Roller in an effort to start the car by push-

ing it by hand. Failing in these efforts, Patchen directed both of them to assist him by pushing his car with the Gardner car. The latter's car was so much lighter than the car being pushed and the road was so slippery that Roller and another employee changed from the driver's seat to the space for storage in the rear of the Gardner car for the purpose of increasing the traction of the rear wheels. While so riding a car of a stranger collided with the Gardner car and injured Roller.

The Patchen car was being used by the owner in his accustomed business as an incident to that business for on that very day Patchen had transported tools and gasoline and at the time of the accident was taking certain tools used at the mill to his home as they could not be left on the premises without a guard.

Patchen recognized the fact that Roller was in his employ at the time of the accident for he paid him for all of the time consumed in assisting in starting the car and transporting it to the garage. The employer's books showed that at the time of the accident Roller was credited in the time book of employees on the lumbering operation with one and a half hours for extra work while so engaged. The master directed him to do the work that he was doing when injured and indicated the manner in which it should be done. The work was not foreign to the employer's business but in the regular course of that business and Roller was engaged in a task assigned to him by his employer. Cf. *Zenker v. Zenker,* 93 Pa. Superior Ct. 255. The service was not rendered as a mere gratuity as where one assists a stranger whose car becomes stalled or where, as in *Busch v. Bientzle,* 119 Pa. Superior Ct. 559, 181 A. 520, the one assisting in the operation of a motor vehicle was not subject to the owner's orders or paid by him. It seems clear to us that the claimant at the time of the accident was actually employed by the defendant and was acting in the regular course of the defendant's business.

Judgment affirmed.