Argued November 16, 1949.
This is a workmen's compensation case in which the compensation authorities made an award to claimant. The court of common pleas affirmed the award and entered judgment for claimant. Defendant's insurance carrier has appealed.
The facts are not in dispute. The question is whether claimant sustained his injury as a result of an accident *Page 23 
within or outside the course of his employment with defendant.
Defendant was an automobile dealer in Beaver, Pennsylvania, and in his business he maintained a garage, showroom, and used car lot. Claimant had been employed by defendant for some time as a general utility man at a weekly wage of $35. Claimant's customary duties consisted of cleaning the offices, showroom, and garage, and servicing cars. On the morning of July 10, 1947, claimant having no other duties to perform at that time at the garage or showroom, defendant directed him to proceed to defendant's home and cut some grass with a power lawn mower which defendant owned. While attempting to adjust the belt on the power mower, to which defendant called claimant's attention, claimant accidentally sustained an injury to the index finger of his right hand, which necessitated amputation of a portion of the finger.
Appellant at the time the accident occurred had issued to defendant a "Standard Workmen's Compensation and Employers' Liability Policy." The premises of defendant were described as located at Wayne and Fourth Streets, and Third and Sassafras Lane, Beaver, Pennsylvania. The policy described the business of the insured as follows: "Garages and Automobile Dealers, including accessories, service stations — all employees except office . . . Clerical Office Employees." The record discloses that the Travelers Insurance Company had issued a comprehensive personal liability insurance policy. It named "Ralph D. Ewing and J. Dixon Ewing, Westside Dutch Ridge Road, Brighton Township, Beaver County, Pa." as the insured, and described the general coverage as comprising "Personal Liability — including initial residence premises," with a declaration, in connection with the coverage under the voluntary compensation *Page 24 
endorsement, that the servants employed were one inservant and one outservant, including private chauffeurs. This policy was the latest renewal of the liability policy which defendant and his wife took out in 1937 after the wife had elected to come under the Workmen's Compensation Act as an employer of domestic and/or agricultural employes, pursuant to the Act of July 18, 1935, P. L. 1316, No. 412, 77 P. S. § 24, Historical Note.
In Krchmar v. Oakland Beach Company, 155 Pa. Super. 430, at page 433, 38 A.2d 710, at page 712, we said: "In general, where the accident occurs off the premises of the employer, the proofs must establish that the employee was actually engaged in furthering the business of the employer at the time of the injury. Palko v. Taylor-McCoy Coal Coke Co. et al., 289 Pa. 401, 137 A. 625. Otherwise, if the act in which the employee was engaged when injured off the premises was not connected with the employer's business, it must appear that the employer ordered or directed the act. Merely permitting the employee to do the act without directing or ordering its performance will not support an award. Gibson v. Blowers Paint Serv. et al., 140 Pa. Super. 216, 14 A.2d 154."
Defendant is in no position to say that the services performed for his benefit and at his direction by claimant were not in the course of claimant's employment. Matis v. Schaeffer,270 Pa. 141, 113 A. 64; Geary v. Martin, 101 Pa. Super. 311. If it had not been for claimant's employment in defendant's business, he would not have been in the place where he was injured, at which time he was working under the direction and control of defendant and in consequence of the relationship of employer and employe.
The Workmen's Compensation Act was passed for the purpose of protecting employes. An employe does *Page 25 
not step in and out of his regular employment with every changing task ordered to be done by his employer. His general employment, not such particular act, ordinarily controls. SeeZapos v. Demas, 106 Pa. Super. 183, 161 A. 753; Smedleyv. Frank Seder Co., 116 Pa. Super. 270, 176 A. 783;Keasey v. Mitzel Brothers, 135 Pa. Super. 460,5 A.2d 631; Roller v. Patchen, 140 Pa. Super. 289, 14 A.2d 141;Maketa v. Butcher, 158 Pa. Super. 519, 45 A.2d 256.
If claimant had been engaged in regular work of a dual nature, appellant's argument would be applicable. But claimant did not become a domestic employe or servant by performing the incidental task which defendant directed him to do when injured, and there was no contract of hiring for domestic service. This work did not terminate the existing status of claimant as an employe in the regular course of defendant's business; he was still working in the sphere of activity in which he was employed and paid. There was no severance of the relationship covered by the insurance policy of appellant, and it is immaterial that defendant and his wife had a liability policy relating to domestic employes. Claimant was engaged in executing a positive command of his employer merely incidental to the business in which claimant was employed by defendant, and the act did not take him out of the course of that employment. "We may well surmise what would have happened to his job had he refused to do this work without any other excuse than that he was not hired for that purpose": Nugent Sand Co.v. Hargesheimer, 254 Ky. 358, 71 S.W.2d 647, 649. See 172 A.L.R. 387.
Appellant relies upon Zenker v. Zenker, 93 Pa. Super. 255. In that case the employer was a contractor and builder employing from five to twelve men, among *Page 26 
whom was his son. It was properly held that claimant's injury was not compensable. Claimant, the employer's son, was injured after driving his mother and some other members of the family on a pleasure trip in his own car to a point in the state of New York.
Judgment is affirmed.