## Hauger v. Walker Co. et al., Appellants.

*Workmen's compensation — Course of employment—Casual employment—Repairing machinery—Act of June 2, 1915, P. L. 736.*

1. One who has been injured in the course of his employment will not be deprived of compensation merely because the employment was casual in its nature; in order that this result may follow it must also appear that he was not engaged in the regular course of business of the employer.

2. Where the repair of machinery used in a business, is part of the work entrusted to a regular employee, such repairing is in the regular course of the employer's business within the meaning of sections 104 and 203 of the Workmen's Compensation Act of June 2, 1915, P. L. 736.

3. Where a regular employee has the duty of repairing the machinery used by the employer in his business, and the former in turn employs a laborer or assistant to aid in making the repair, the latter is entitled to be compensated exactly as if he were a regular employee.

Argued April 30, 1923. Appeal, No. 74, Oct. T., 1923, by defendants, from judgment of C. P. Somerset Co., Dec. T., 1922, No. 472, affirming decision of Workmen's Compensation Board, in case of Elsie Pearl Hauger v. H. W. Walker Co., and Continental Casualty Co., insurance carrier. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board affirming award of referee. Before BERKEY, P. J. The opinion of the Supreme Court states the facts. Decision affirmed. Defendants appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*J. Roy Dickie,* with him *H. F. Yost,* for appellants.— Deceased was not employed in the regular course of business: Marsh v. Groner, 258 Pa. 473; Callihan v. Montgomery, 272 Pa. 56; Blake v. Wilson, 268 Pa. 468; McCall v. Tel. Co., 79 Pa. Superior Ct. 505.

*Norman T. Boose,* with him *B. B. Boose,* for appellee, cited: Tarr v. Coal Co., 265 Pa. 519; Callihan v. Montgomery, 272 Pa. 56; McCall v. Tel. Co., 79 Pa. Superior Ct. 505.

OPINION BY MR. JUSTICE SIMPSON, May 23, 1923:

The H. W. Walker Company, defendant, and its insurance carrier, appeal from a judgment of the court below affirming an award by the Workmen's Compensation Board to plaintiff, as the widow of William I. Hauger. There is no dispute in this court regarding the few controlling facts, and the only legal question is whether decedent was killed while "in the regular course of the business" of defendant.

The latter was a manufacturer of ice-cream and other dairy products, and had, as its factory foreman, one Marlin G. Miller, who, as appellants admit, "was charged with the duty of keeping the plant in operation," making "such small repairs as he could by himself, or, with the assistance of other men in the regular employ of the company, but when there was some major job of repairing to be done, he, as factory foreman, called in" decedent, who was an expert machinist, to assist in doing this character of work. While engaged in the performance of

his duty under such an employment, decedent was killed in plaintiff's place of business.

Section 104 of the Workmen's Compensation Act of 1915, P. L. 736, provides that "The term 'employe' as used in this act is declared to be synonymous with servant, and includes all natural persons who perform services for another for a valuable consideration, exclusive of persons whose employment is casual in character and not in the regular course of the business of the employer," etc. It will be noticed that the last clause of this section is in form conjunctive, and hence inapplicable unless the employment is not only casual, as this was, but also "not in the regular course of the business of the employer." Defendant having made the repairing of its machinery a part of the "regular course of [its] business," decedent was its employee by the very terms of this section, and plaintiff has the same right as the widow of any other employee who was killed or injured during the "regular course of the business."

This conclusion is emphasized by section 203 of the Act (P. L. 738) which provides as follows: "An employer who permits the entry upon premises occupied by him or under his control, of a laborer or an assistant hired by an employee or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employee or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employee." Under this also defendant became liable to plaintiff exactly as it would have been to the widow of Miller, had the latter been killed in doing this work, for defendant permitted the "entry upon [its] premises......of [decedent who was] an assistant hired by......[Miller] for the performance upon such premises of a part of the employer's regular business entrusted to" Miller.

The judgment of the court below is affirmed.