# Smith *v.* Philadelphia & Reading Coal & Iron Company, Appellant.

*Master and Servant—Workmen's Compensation Law—Casual employment—Right to recover.*

A carpenter when employed by a contractor, engaged in road making, who was injured while making repairs to a wagon cannot recover under the Workmen's Compensation Act of Pennsylvania.

Where the work that the claimant was doing was casual in character, and not in the regular course of the business of the employer, there can be no recovery.

Employment refers to the contract of hiring more than the kind of services rendered. If a person is engaged incidentally and occasionally and for a limited and temporary purpose he is a casual employee. The mere fact that an employment is casual in character does not necessarily defeat the right of the employee to compensation in case of injury, but in order to have that effect it must also appear that the employment was not in the regular course of the business of the employer.

Hauger *vs.* Walker Co. 277 Pa. 506 distinguished.

Argued December 5, 1924.   Appeal No. 263, October T., 1924, by defendant, from judgment of C. P. Schuylkill County, March T., 1924, No. 207, in the case of Archie Smith v. The Philadelphia and Reading Coal and Iron Company.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Appeal from award of Workmen's Compensation Board.   Before BECHTEL, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the appeal.   Defendant appealed.

*Error assigned* was the decree of the court.

*John F. Whalen,* and with him *George Ellis,* for appellant.—The claimant was a casual employee and not

entitled to compensation: Callihan v. Montgomery, 272 Pa. 68.

*Henry Houck,* for appellee, cited: Tarr v. Hecla Coal Co., 265 Pa. 519, 522; Blake v. Wilson, 268 Pa. 469, 476; McCall v. Bell Telephone Co., 79 Pa. Superior Ct. 505; Kuca v. Lehigh Valley Coal Co., 268 Pa. 163; Stahl v. Watson Coal Co., 268 Pa. 452.

OPINION BY PORTER, J., July 9, 1925:

The appellant is a property owner in Butler Township, Schuylkill County, and availing itself of the provisions of the Act of July 14, 1917, P. L. 840, had entered into a contract with the township to keep the public roads in repair, and had a number of men regularly employed in work upon the roads. Part of the appliances and machines used upon the roads were dump wagons and scrapers. The plaintiff was a carpenter, who lived and had a shop at Lavelle, Schuylkill County, doing work for such individuals and companies as employed him, by the day at carpenters' wages, and also work for which he had a contract price. In March, 1923, the foreman of the defendant in charge of the work on the road went to the plaintiff and told him that he wanted to have a road wagon repaired and the wheelwright was unable to repair it then, and the plaintiff being a carpenter he asked him whether he wouldn't do the work for him, and the plaintiff undertook to do it, it being agreed that he should be paid carpenters' wages, eighty cents an hour for an eight-hour day. The lumber dealer was unable to furnish the oak material and the foreman asked plaintiff where he could get this material as they wanted the work done; the plaintiff told him at Lenker's shop and the foreman told him to go to the shop and get it. The plaintiff tore out the back of the wagon and then went to the shop of Lenker, the wheelwright, procured the material and put it in shape and

took it back to Millersville, where the wagon was and completed the repair of the wagon. Before the work on the wagon had been finished the foreman asked plaintiff if he would put a wooden floor and brake blocks on the road scraper. This plaintiff agreed to do. The repair of the wagon was completed in the morning of the second day plaintiff had been working on the job. The material to be used in the repair of the road scraper was also oak; the plaintiff could not work it by hand; he went to Lenker's shop to cut the parts by machinery, and while so doing accidentally cut off three fingers of his left hand. The plaintiff was employed only to repair the wagon and road scraper; when that work was done his employment was to cease. Lenker, the wheelwright, was not an employee of the defendant; he had a shop of his own to which the foreman of the defendant had sometimes sent work to be done. The plaintiff presented a claim to the Workmen's Compensation Board, which was allowed by the referee, sustained by the compensation board and affirmed by the court below. This appeal is by the defendant. There is no dispute regarding the controlling facts, and the only legal question is whether the employment of the plaintiff was "casual in character and not in the regular course of the business of the employer."

It is conceded by counsel for the appellee that the employment was casual in character. It is, however, contended that it was in the "regular course of the business of the employer." The referee found the following facts, as to the employment of the plaintiff: "His employment by the defendant company on the occasion of the injury was to repair the dump wagon and the road scraper, and then his work would have been finished. (5) The claimant is a carpenter by occupation. He has done day work and small contract jobs for persons and firms living and doing business in and near his residential town of Lavelle, Schuyl-

kill County. (6) It was the duty and custom of the road foreman of the defendant company, Mr. Carl Miller, to make minor repairs with his own men to his road machinery and equipment. At times he assisted his men in these repairs. However, when major repairs were required, such as those that were being made by the claimant in this case, it was imperative to call in to do this work one skilled in the line of the work required to be done. This procedure was followed by Mr. Miller in the case at hand.'' These findings of fact were fully sustained by the evidence. There was no evidence in the case which would have sustained a finding that work of the kind which the plaintiff was employed to do had ever been done by regular employees of the company; when a carpenter or machinist was needed one was obtained from outside. The plaintiff was employed for the work mentioned, as a carpenter at $6.40 a day. The regular business of the defendant, in this work, was to repair the public roads. When the machines used in that work required repair by a skilled workman, they were usually sent to the shop of Lenker, the wheelwright, who did the work at his own shop, but, as Lenker could not do the work upon this occasion, the plaintiff was employed as a carpenter, at carpenters' wages. The foreman was not authorized to pay regular employees more than $3.20 a day. Employment refers to the contract of hiring more than the kind of services rendered. If a person is engaged incidentally and occasionally, and for a limited and temporary purpose he is a casual employee. The mere fact that an employment is casual in character does not necessarily defeat the right of the employee to compensation in case of injury, but in order to have that effect it must also appear that the employment was not in the regular course of the business of the employer.

"The casual employment of one, for the performance of an odd job, may occur in conducting a business

and still not be within its regular course. For instance, emergency repair work on a machine used in the operation of a business can always be said to take place in the course of that business, as all machinery, at some time or other, is bound to need repair; but such work if not of a kind usually performed by or under the control of the person conducting the business, would be outside the regular course thereof. The legislature evidently intended, by the use of the words 'regular course' to give them some definite significance and the most natural meaning is that they refer to the normal operations which regularly constitute the business in question, excluding incidental or occasional operations arising out of the transaction of that business, such as, now and again, repairing the premises, appliances or machinery used therein. While repair work may be considered an important incident to any business using machinery, and, in some cases, may enter into the customary operations of such business (for example, when men are engaged as regular employees for the purpose of keeping machinery in order), yet the repairs we are here considering were no part of the regular course of the business conducted by the defendant, which is producing oil; they represent merely an odd job, incidental to that business, but not part of the work ordinarily done by or under the control of the employer in this particular case. On the other hand, such repairs might well be classed as within the regular course of the business of the plaintiff's deceased husband": Callihan v. Montgomery, 272 Pa. 72.

We are of opinion that what was there said rules the present case. The evidence clearly established and the referee found that the job in which the plaintiff was engaged was not such work as was done by the regular employees of the company in the regular course of the business. No regular employee of the company was assisting the plaintiff in the work in

which he was engaged. It was work which required the employment of machinery which the defendant did not have. The fact that minor repairs were made by the regular employees of the company did not have the effect of bringing all repairs within the regular course of the business. Every engineer employed in a mill or factory makes minor repairs of the machinery; every chauffeur makes minor repairs to the automobile which he drives, and such minor repairs are within the regular course of the business of the employer, but such repairs are totally distinct from the remedy of defects in the machinery which require the skill of an expert machinist, or sending the engine to a machine shop. The learned court below was of opinion that this case was ruled by Hauger v. Walker Co., 277 Pa. 506. We are of opinion that in this the learned judge of the court below erred. In that case the defendant, operating an ice cream factory, had employed as foreman of its factory a man who "was charged with the duty of keeping the plant in operation, making such small repairs as he could by himself, or with the assistance of other men in the regular employ of the company, but when there was some major job of repairing to be done, he, as factory foreman, called in decedent, who was an expert machinist, to assist in doing this character of work." The foreman was there charged with the full responsibility of keeping the plant in operation, and was authorized to call in an expert machinist to assist him in doing the work. In the present case the defendant did not regularly employ any person to do work of the character upon which the plaintiff was engaged, no regular employee was charged with the duty of doing work of that kind. The plaintiff was not called in to assist some person else in doing the work, he was hired to do the job himself. The assignments of error are sustained.

The judgment of the court below and the award of the compensation board are both reversed; judgment is here entered for defendant.