Dunlap *v.* Paradise Camp et al., Appellants.

Submitted November 27, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*C. C. Shull,* for appellants.

*F. J. Mervine,* for appellee.

PER CURIAM, January 5, 1932:

Defendants, owners of property in Monroe County on which they conducted, as a business, a boys' camp, em-

ployed plaintiff, a day laborer, to enlarge and improve a drainage ditch on the premises, which he had in a former year opened and to "fix up the property for camp purposes." In the course of this work, plaintiff was struck in the eye by a small stone chipped from a larger one, the injury resulting in the removal of the injured member. On petition, the workmen's compensation board made an award in claimant's favor. This action was reversed by the court of common pleas and judgment entered for defendants. The Superior Court on appeal reversed the common pleas, and reëntered judgment for claimant. Defendants now appeal to this court.

Defendants contend here, as in their appeal to the courts below, (1) that plaintiff was an independent contractor, and (2) his employment was casual and not in the regular course of the business of his employer. They also allege, on this appeal, that plaintiff was engaged in agriculture. This latter point, however, was not raised in the lower courts and cannot now be considered.

Under the circumstances developed by the evidence, plaintiff could not properly be considered an independent contractor within the legal definition of that term. He was employed to do piecework, at so much per hour, under supervision of his employer, whose instruction was to dig the ditch wider and deeper and cover it over. We find no suggestion of a contract indicating the manner of performance or time for completion of the work. In addition to what we have said above, we adopt the following from the opinion of the learned president judge of the Superior Court: "During the summer months, the defendants were in the business of furnishing recreation and healthful surroundings to a group of boys. We do not regard the employment of claimant as casual, but even if we assume it was, the defendants are liable if the work done was part of the normal operations which constituted it. In Sgattone v. Mulholland [290 Pa. 341, a workmen's compensation case], a realty firm engaged in improving land for building purposes,

and, as part of their business, [in] selling lots and providing access to buildings erected, were liable where they employed a man to remove obstacles so that the property could be made available. So here, getting the camp ready for occupancy each year was carrying out the regular program. The enlarging of the ditch was a part of the business as much as cutting the weeds, trimming bushes and the other details involved in the preparation. The preparation of the ground for the camp under the evidence submitted was a regular part of the enterprise conducted by the defendants; at least, it appears that in the preceding year, the claimant was employed to do this very thing." The foregoing covers all questions properly before us in this appeal.

The judgment of the Superior Court is affirmed.