## Fedak, Appellant, *v.* Dzialdowski.

Argued March 5, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Charles M. Bowman,* and with him *A. A. Maguire,* for appellant.

*Wm. A. Skinner,* for appellee.

Opinion by Baldrige, J., April 23, 1934:

The one question in this compensation case is whether the work in which the employee was engaged when he met with the accident which resulted in his death was casual in character and not in the regular

course of the business of the employer, as required by section 104 of the Workmen's Compensation Act of June 2, 1915, P. L. 736 (77 PS §22).

It appears from the findings of fact by the referee, founded upon sufficient competent evidence, that the defendant is a merchant engaged in selling groceries, meats and feed. Desiring to convert a warehouse, which he previously used in connection with his business, into a three-family apartment and private garage, he employed Edward Conesey as foreman to make the alterations. After the work had proceeded for two months, Conesey employed, as a carpenter, Michael Fedak, who had not been previously in the employ of defendant, to assist him in this particular job. While engaged in this work, the decedent sustained the fatal injuries. A claim made for compensation was denied. A petition for a rehearing was presented to the compensation authorities by the claimant, alleging that after the hearing she discovered additional material evidence to the effect that for a period of several years prior to the accident the defendant "was engaged in the business of buying and selling real estate and contracting; remodeling dwelling houses and apartments for profit and gain." The application was refused, and on appeal to this court we held (Fedak v. Dzialdowski, 101 Pa. Superior Ct. 346) that the averments were sufficient to justify a hearing to determine whether the injury was sustained in the regular course of defendant's business or while engaged in work of an isolated character. Upon a rehearing, the referee found that the allegations in the petition had not been established; that the defendant "was not engaged in the business of buying and selling real estate or in contracting." The evidence clearly established that defendant had neither bought nor sold any real estate, nor constructed buildings, for a period of nine years prior to the date of the accident, and that the few transactions from 1902

to that time were so sporadic and of such a nature as to show that the defendant had never been engaged in such business. We, unhesitatingly, would have affirmed the judgment when this appeal was before us previously on the evidence that now confronts us.

Under section 104 of the Workmen's Compensation Act, employees are expressly excluded, whose employment is (1) casual and (2) not in the regular course of the business of the employer. If both these concurring elements are not present, the claimant is entitled to compensation.

Workmen are engaged in casual employment when they are employed only occasionally, irregularly or incidentally, as distinguished from those employed regularly and continuously. As the work of the deceased was for a limited and temporary purpose, not connected with or constituting any continued employment, he was, within the contemplation of the statute, a casual employee.

There remains the question whether the employment was in the regular course of the employer's business. The evidence clearly supports the findings that the work of remodeling this building was an odd job, not a normal operation within the regular business of merchandising in which the defendant was engaged. A man employed to do plastering in connection with remodeling a dwelling (Marsh v. Groner, 258 Pa. 473, 102 A. 127); one employed to complete a silo (Blake v. Wilson, 268 Pa. 469, 112 A. 126); a mechanic employed to repair an engine used to run a pump in connection with the operation of an oil well (Callihan v. Montgomery, 272 Pa. 56, 115 A. 889); a carpenter employed by a contractor to make repairs to a wagon used in his work (Smith v. P. & R. C. & I. Co., 86 Pa. Superior Ct. 136); a painter employed to paint and decorate rooms in a hotel (Holbrook v. Olympia Hotel Co. et al., (Mich.) 166 N. W. 876); and one employed to paint a house (Blood v. Industrial Acc. Commission

et al., (Cal.) 157 P. 1140), were all held to be not engaged in the regular course of the employer's business.

In Callihan v. Montgomery, supra (p. 59), the court said: "In a broad sense, the Workmen's Compensation Law, Act of June 2, 1915, P. L. 736, was passed for the mutual benefit of employers and employees directly engaged in the regular course of industrial or business life. It is a tacit recognition of the fact that such employees differ from those workers for hire who keep themselves detached, in order to use their labor and abilities in the best markets and most advantageous ways which may from time to time present themselves."

Nor would the renting of the apartments and the deriving of an income therefrom come within the popular meaning of the word "business." Where one has a regular occupation and incidentally owns a building which he rents, he can not be considered as being habitually engaged in renting buildings for a livelihood.

We concur in the conclusion of the compensation authorities and the court below that the work in which the deceased was employed was casual and not in the regular course of the business of the employer, and, therefore, falls within the exceptions expressed in section 104 of the Workmen's Compensation Act.

Judgment is affirmed.