## Strawser v. Brubaker et ux.

*J. Howard Neely*, for claimant; *Andrew Banks*, for defendant.

BARNETT, P. J., September 3, 1934.—This is an appeal from the Workmen's Compensation Board. The referee dismissed the claim on the ground that the claimant's employment was casual and not within the regular course of the employer's business. The board sustained the finding of the referee, whereupon the claimant took this appeal.

There is no dispute as to the essential facts. The plaintiff was a carpenter, having pursued that vocation for 25 years prior to the injury which is the subject of the present complaint. The defendants, husband and wife, together owned and lived upon a small tract of land in Monroe Township, Juniata County. Otto Brubaker, the defendant, was a laborer. In December 1932, intending to go into the business of hatching chickens, he employed the claimant to build for him a chicken house or hatchery upon the property owned by him and his wife. The claimant was engaged at this work for 8 or 9 days and completed it in the early part of January 1933. In the following April, the claimant, apparently under the same verbal agreement, began to make some improvements upon a log dwelling house upon the same property. He spent about 2 weeks weatherboarding and doing other work upon the house, when he left it to the plasterer. He returned about May 15th to do the inside finish-

ing, completed one room in about 2¾ hours, and worked in another room for 15 minutes, when a bit of metal from a nail or hammer struck his eye and so injured it as to require its removal. Otto Brubaker had no other business or occupation save that of laborer, except that he intended to enter the chicken business after the building for that purpose was completed. It does not appear that Vivian Brubaker, his wife, had any occupation other than that of housewife.

To exclude a workman from the provisions of the statute, "the employment must be both casual in character and outside the regular course of the business of the employer:" Callihan v. Montgomery, 272 Pa. 56, 66. But these qualities are correlative, and an employment, no matter how brief or incidental, may or may not be casual, according as it is or is not within the course of the employer's business. This is well illustrated by the case of Fedak v. Dzialdowski, 101 Pa. Superior Ct. 346, in which the claimant, a carpenter, engaged in remodeling defendant's warehouse, was held by the referee and the court of common pleas to be a casual employe, but the Superior Court remitted the record with instructions to permit amendment of the claim to make it allege that the defendant, although his general business was that of merchant and insurance broker, had been for several years engaged also in the business of buying and selling real estate and remodeling dwelling houses and apartments for profit and gain. The employment in that case was casual if the merchant employed the claimant to improve a building for his own use; it was not casual, if the employment was in the course of a business, although a sideline, in which the employer was engaged for profit. An employer's business is "the habitual or regular occupation that the party was engaged in with a view to winning a livelihood or some gain": Marsh v. Groner, 258 Pa. 473, 478; Blake v. Wilson, 268 Pa. 469, 478; Callihan v. Montgomery, supra. "The regular course of business means an ordinary operation which may be required to carry out the master's work": Persing v. Citizens Traction Co., 294 Pa. 230, 237. When, in the course of such business, a workman is employed for work that is temporary and incidental, the employment is not casual, within the meaning of the statute. In Campagna v. Ziskind, 287 Pa. 403, a stone mason employed by one regularly engaged in building operations, merely to make necessary measurements on the ground and drive the required stakes for a building, was held to be a servant and not a casual employe. See also Dunlap v. Paradise Camp, 101 Pa. Superior Ct. 339, affirmed in 305 Pa. 516. But if the employment is for some personal advantage to the employer, not in the course of his own business, it is casual: Smith v. Philadelphia & Reading Coal & Iron Co., 86 Pa. Superior Ct. 136; Marsh v. Groner, 258 Pa. 473; Callihan v. Montgomery, 272 Pa. 56. That the employment of the claimant, a carpenter, to repair the dwelling of the defendant, a laborer, was a casual employment and not in the regular course of the business of the employer seems too clear to require argument.

Since, in our opinion, the claimant is not entitled to recover because his claim is not within the intendment of the Workmen's Compensation Act, it is unnecessary to consider the question of the liability of Vivian Brubaker jointly with her husband.

And now, September 3, 1934, the appeal is dismissed, at the cost of the appellant.

From J. Howard Neely, Mifflintown, Pa.