Maguire *v.* Valley Forge Military Academy et al.,
Appellants.

Argued November 19, 1934.

Before TREXLER, P. J., KELLER, CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*George H. Detweiler,* and with him *Charles I. Cronin,* for appellants.

*Ralph L. Lindenmuth,* and with him *E. Leroy Van Roden,* for appellee.

OPINION BY JAMES, J., February 1, 1935:

Claimant was awarded compensation by the referee and the board, it was affirmed by the court of common pleas, and this appeal was taken from a judgment entered thereon.

From the testimony taken the following facts were established. Valley Forge Military Academy is an incorporated educational institution and has for its purpose "the building of boys physically, morally, socially and mentally," and owns certain college buildings and equipment in Wayne, Pa. Robert Adams was superintendent of the grounds and buildings, otherwise designated as a maintenance man or engineer, under the direct supervision of Colonel Milton G. Baker, superintendent in charge of the academy. In such capacity his duties among others consisted of the maintenance of grounds, repairs of buildings, any construction work that was not new buildings, and any addition to old buildings.

On January 6, 1931, claimant, who was a carpenter by trade and who furnished his own tools, was employed by Adams with the approval of the superintendent at an hourly rate of sixty-five cents, payable weekly and his meals and performed whatever car-

penter work he was assigned to do by Mr. Adams. On or about February 15, 1931, the defendant started an addition to the gymnasium, to increase the capacity of the gymnasium for gymnastic work by the students, which was part of the curriculum of the school, and without which the school could not properly function. The claimant was assigned with some other carpenters, newly engaged, to perform general carpenter work on the addition to the gymnasium, and on March 4, 1931, while in the performance of this work, sustained the injuries for which compensation is sought. No question is raised as to the extent of the injury. The record establishes that the claimant had been employed by defendant at similar work on three different occasions, and that Colonel Baker had considered naming him as an assistant to Mr. Adams. Appellant contended that under this testimony, claimant's employment was of such a casual character as to exclude him from the benefits of the Compensation Act.

Section 104 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 PS §22 provides inter alia as follows: "The term 'employe' as used in this act is declared to be synonymous with servant and includes all natural persons who perform services for another for a valuable consideration, exclusive of persons whose employment is casual in character and not in the regular course of the business of the employer . . . . . ." In order that the exception may relieve from liability, the presence of both elements mentioned must be established; Hauger v. Walker Co., 277 Pa. 506, 121 Atl. 200; Blake v. Wilson, 268 Pa. 469, 112 Atl. 126; Tarr v. Hecla C. & C. Co., 265 Pa. 519, 109 Atl. 224; Fedak v. Dzialdowski, 113 Pa. Superior Ct. 104, 172 Atl. 187; Dunlap v. Paradise Camp, 101 Pa. Superior Ct. 339, 305 Pa. 516, 158 Atl. 265, the employment must be (1) casual and (2) not in the regular course of the business of the employer.

In order that an employment be casual, it must be occasional, irregular, or incidental as distinguished from an employment that is regular or continuous. Under the testimony submitted to the compensation authorities, we cannot regard the employment of the claimant in the present case as being merely a casual employment. He had been employed the year previous and had worked continuously from the 6th of January 1931 on other work necessary to the maintenance of the institution until he began work upon the addition to the gymnasium, and as indicated by the testimony of the superintendent of the academy, his employment may have been that of a permanent employment. This character of employment we do not regard to be so occasional, irregular or incidental as to bring it within the meaning of the term "casual employment."

. Appellant has also assigned for error, the action of the referee in sustaining an objection to the following question propounded to one of claimants witnesses, "Did you have any other work done by any other contractors?" In this we see no error. The question solely to be determined was, what was the character of claimant's employment at the time of his injury, and whether any other work was done by any other contractor shed no light on the real issue. The testimony clearly established that claimant had no relationship with any other contractor, and that the addition to the gymnasium was constructed solely under the control and supervision of the authorities of the school.

Judgment affirmed.