Passarelli, Appellant, *v.* Monacelli et al.

Argued October 15, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Matthew K. Stevens,* for appellant.

*Wayland H. Elsbree,* with him *T. R. White,* of *White, Maris & Clapp,* for appellees.

OPINION BY JAMES, J., January 31, 1936:

Appellant, Caesar Passarelli, was injured in the course of his employment and in order to fix liability for his injuries filed separate claim petitions against Ollie Monacelli and James Gallagher, Inc., and the testimony taken before the referee was considered as

applicable to both petitions. On the claim petition against Ollie Monacelli the referee made an award of compensation and on the claim petition against James Gallagher, Inc., found as facts (1) that on May 25, 1933, the claimant was in the employ of Ollie Monacelli, an independent contractor, and (4) that the claimant on said date was not in the employ of James Gallagher, Inc. Appeals were then taken by Passarelli and Monacelli to the compensation board, which, upon a petition for a hearing de novo, directed that the records of both petitions be consolidated and a rehearing ordered before the same referee. After hearing the referee adhered to his former findings that claimant was in the employ of Ollie Monacelli, an independent contractor, as a laborer and was not in the employ of James Gallagher, Inc. Upon the appeal to the compensation board the findings of the referee were reversed and the board held that Monacelli was not an independent contractor and claimant was in the employ of James Gallagher, Inc., and awarded compensation to the claimant and against the defendant, James Gallagher, Inc. Upon appeal to the common pleas by James Gallagher, Inc., the appeal was sustained because the claimant's employment was casual and not in the regular course of defendant's business and judgment was entered for the defendant, from which judgment claimant has appealed.

On May 17, 1933, Monacelli, a contractor, by written agreement with James Gallagher, was engaged to pave the driveway at 738 South Swanson Street, Philadelphia. Some of the workmen were furnished by Monacelli, among whom was claimant, and other workmen were furnished by Gallagher. This work was finished on May 22 and on May 24, Gallagher directed Monacelli to bring some men to set the curb at the southwest corner of Pemberton and Front Streets along the south side of the building at 738 South Swanson Street. Gallagher contended that the set-

ting of the curb was performed under the paving contract but this was denied by Monacelli. On the 25th of May, while placing a piece of curbing on a truck, claimant suffered the injury complained of. Other facts relating to the payment of wages, furnishing of materials and equipment and control of the work, we deem unnecessary to detail in determining the real questions at issue. In its opinion reversing the referee, the board made the following finding of fact: "(4) That the defendant Gallagher employed the claimant to assist in placing curbstones to prevent water from leaking into the cellar of his (Gallagher's) warehouse; that the defendant Gallagher's regular business was trucking and warehousing."

"Section 104 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 PS §22 provides inter alia as follows: 'The term "employee" as used in this act is declared to be synonymous with servant and includes all natural persons who perform services for another for a valuable consideration, exclusive of persons whose employment is casual in character and not in the regular course of the business of the employer ......' In order that the exception may relieve from liability, the presence of both elements mentioned must be established": Maguire v. Valley Forge Military Academy et al., 116 Pa. Superior Ct. 495, 497, 176 A. 865, and many cases therein cited. The employment must be (1) casual and (2) not in the regular course of the business of the employer, and these questions are to be determined by the court as a matter of law: Blake v. Wilson, 268 Pa. 469, 112 A. 126.

An employee's engagement is casual in character when it comes about by chance, fortuitously and for no fixed duration of time: Blake v. Wilson, supra. Workmen are engaged in casual employment when they are employed only occasionally, irregularly or incidentally as distinguished from those employed regularly and

continuously: Fedak v. Dzialdowski, 113 Pa. Superior Ct. 104, 107, 172 A. 187. Under the facts of the present case, claimant's employment was limited to the work of doing the paving and curbing and was not in any way connected with a purpose of a regular or continuous employment. Under these circumstances, he was a casual employee within the meaning of the statute.

The words "regular course of business of the employer" have reference to the habitual or regular occupation that the party is engaged in with a view of winning a livelihood or some gain: Blake v. Wilson, supra, and the most natural meaning is that they refer to the normal operations which regularly constitute the business in question, excluding incidental or occasional operations arising out of the transaction of that business, such as, now and again repairing the premises, appliances or machinery used therein: Smith v. P. & R. C. & I. Co., 86 Pa. Superior Ct. 136, 140. The finding of the board clearly establishes that the work claimant was engaged in was solely a matter of repair or of construction work in preventing water from leaking into the cellar of the warehouse and had no relationship to the conduct of the employer's business, whose regular business was trucking and warehousing.

In the recent case of Fedak v. Dzialdowski, supra, in an opinion by Judge BALDRIGE, we find a resumé of authorities dealing with this question which we deem unnecessary to cite in this opinion. On the same day that the opinion in the Fedak case was filed, Judge BALDRIGE filed an opinion in the case of Quick v. E. B. Kintner & Son et al., 113 Pa. Superior Ct. 108, 172 A. 189, wherein it was held that where defendants engaged in the butcher business employed a carpenter to enlarge their storeroom and to construct for renting purposes two apartments on the second floor of their building and the carpenter sustained an injury, he was not entitled to compensation under the Workmen's

Compensation Act because his work was casual and not in the regular course of the defendant's business. The work of repairing or replacing a curbstone on the street abutting defendant's business premises undoubtedly was an improvement to the premises but was not within the regular course of defendant's business of trucking and warehousing.

Judgment affirmed.