Cochrane *v*. William Penn Hotel, Appellant, et al.

324

Argued October 25, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Robert C. Haberstroh,* with him *Irwin M. Ringold,* for appellant.

*Robert W. Anthony,* with him *Patrick E. O'Leary,* for appellee.

OPINION BY HIRT, J., June 25, 1940:

Claimant's husband was killed in an accident while performing work directed by defendant employer. From the judgment of the court below affirming an award of compensation, both defendant and the insurance carrier have appealed, contending that decedent's employment was casual in character and not in the regular course of the business of his employer. There is no dispute as to the facts and, therefore, these issues are questions of law and it is for us to determine whether the underlying findings of fact or the supporting evidence (*Callihan v. Montgomery,* 272 Pa. 56, 115 A. 889) bring the employment within the exceptions of Section 104 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 PS 22, which relieve the employer from liability. *Blake v. Wilson,* 268 Pa. 469, 112 A. 126; *Passarelli v. Monacelli,* 121 Pa. Superior Ct. 32, 183 A. 65.

B. M. Wilson is the owner and manager of the William Penn Hotel in Altoona and is the lessee of the building, a six-story structure with sixty guest rooms. In April 1936 in furtherance of a plan to remodel and enlarge the lobby of the hotel he employed decedent with other workmen to remove partitions and a store front at the north end of the lobby. Claimant's husband was employed by the hour and on this part of the remodeling worked but forty-six hours. This phase of the improvement was completed by other workmen in

August 1936. Decedent's work was so satisfactory to his employer that on November 18, 1936, when Wilson proceeded with extending the lobby at the south end, he recalled decedent and engaged him to do all of the carpenter work incident to the completion of the work. In rehiring him, Wilson understood that decedent had committed himself to do occasional work for another employer and agreed that he would be permitted to leave the job from time to time for that purpose so long as he performed all of the carpenter work without holding up electricians and mechanics engaged to do other classes of work in connection with the improvement. Decedent's work included a rearrangement of the partitions at the elevator and while working on the elevator hatch on December 29, 1936, he was struck by a counterweight of the elevator and died from the injury. In this second period of employment he worked intermittently, on twelve different days for from one to nine hours a day and was paid by the hour. Decedent had demonstrated that he not only was a fairly able carpenter but that he was also a versatile handyman, capable of making a variety of repairs in the building, and from November 18, 1936 to the day of his death he was called upon by his employer to replace sash cords in the windows of the guest rooms of the hotel, to repair beds, locks on doors and to do other emergency work of a similar nature essential to the proper maintenance and operation of the hotel.

As to the nature of decedent's employment at the time of the injury, Wilson testified: "I told him the whole job was his; instead of calling back the carpenters we had before, I was going to give him the entire job to do—then any other work that came up during that time—any other repair work, upstairs work that a houseman would do, it was understood that he would do also, which he also did do." And, undoubtedly referring to the future maintenance work in the hotel, he said: "I planned to keep him as a permanent employee."

Decedent when injured was not employed in the regular course of the business of his employer. The employer's business was that of operating a hotel. Remodeling the building by enlarging the lobby was an incidental, occasional operation, undoubtedly related to the business of the employer but not in its regular course nor a part of the employer's habitual or regular occupation. The words of the statute "regular course of business of the employer" have reference to the normal operation which regularly constitutes the business in question, excluding incidental or occasional remodeling or repair of the building or of the machinery used therein. *Callihan v. Montgomery,* supra. The fact that the work improved defendant's premises or contributed to profitable operation does not bring it within the regular course of his business. *Fedak v. Dzialdowski,* 113 Pa. Superior Ct. 104, 172 A. 187. Decedent, when injured, was not working as a "houseman" making any one of a number of small repairs essential to the regular and efficient operation of a hotel clearly a part of the employer's business. He was employed in the extraordinary work of relocating partitions in the lobby at the elevator shaft outside of the regular course of the business of his employer. Decedent's employment was within this exception of the Act.

There remains the question whether the employment was casual in character. We are convinced that it was not. Decedent's work in April 1936, undoubtedly, was casual for it was employment for one particular job of short duration, but his reemployment in November was broader in its scope. He was to do all of the carpenter work in completing the improvement to the building and in addition was engaged to make emergency repairs of furniture and equipment throughout the building incident to the operation of the hotel. Employment is casual in character if it is occasional only or irregular or incidental as distinguished from regular or continu-

ous: *Passarelli v. Monacelli et al.,* supra, or when it comes about by chance, fortuitously and for no fixed duration of time: *Blake v. Wilson,* supra. But decedent's work cannot be classified as casual on the ground that it was not regular and continuous, for the reason that his employer considered him a permanent employee with the duties of a houseman continuing after the completion of the work of extending the lobby.

The question whether employment is casual must be determined with reference to the scope of the hiring rather than to the duration and regularity of the service. The "apparent effect [of the compensation statute] is to make exemption depend, not on the nature of the work performed, but on the nature of the contract of employment;" ...... "the weight of opinion supports the view that the word 'employment' refers to the contract of hiring, more than to the kind of service rendered": *Callihan v. Montgomery,* supra. Whether the employment in a particular case, therefore, is casual in character is not entirely dependent upon the nature of work performed, although that is a factor to be considered. *Blake v. Wilson,* supra. If there is a continuing engagement to serve, as where a workman is hired to do all of a definite class of work which an employer in his business can provide, the employment is not necessarily casual, though steady work for regular hours is not provided. It is the continuity of the employment under the contract of hiring rather than the regularity or number of hours of actual work, which determines this quality of the employment; thus the quantity of work at any one time may be small but if the service recurs with some regularity with a fair expectation of its continuance for a reasonable period in the future, the employment is not casual. *Beals v. State Workmen's Ins. Fd.* 131 Pa. Superior Ct. 418, 200 A. 178; *Maguire v. Val. Forge Mil. Acad.* 116 Pa. Superior Ct. 495, 176 A. 865. The fact that the employee was paid by the hour is not controlling: *Dunlap v. Paradise*

*Camp,* 305 Pa. 516, 158 A. 265, nor that he was concurrently employed by others, *Beaver v. G. W. Boyd Co.,* 106 Pa. Superior Ct. 24, 161 A. 900.

This appeal has much in common, both on the facts and in principle with *Maguire v. Val. Forge Mil. Acad.,* supra. In that case, claimant, a carpenter, was employed by a school for boys and was paid at an hourly rate. He performed whatever work was assigned to him and at the time of the accident he was working with other carpenters on an addition to the school gymnasium. Before the accident he had worked continuously for a short period but had been considered for an appointment as assistant to the engineer. Claimant's employment was held not to be of such a casual character as to exclude him from compensation.

Judgment affirmed.