Dobrich, Admrx., Appellant, *v.* Pittsburgh Terminal Coal Corp.

Argued April 17, 1941.

Before KELLER, P. J.,

CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Murray J. Jordan,* with him *Fred J. Jordan,* for appellant.

*Sidney J. Watts,* for appellee.

OPINION BY HIRT, J., June 30, 1941:

Milan Dobrich lost the sight of his right eye in an accident on March 30, 1936. Three years later, while this compensation case was pending, he died from causes not related to his injury; the claim now is prosecuted by his administratrix. We will refer to him as the claimant.

The referee, in substance, found that claimant was defendant's employee and was injured in the course of his employment; the board adopted these findings. The credibility of the witnesses and the weight of their testimony, in the face of serious disputes, was entirely for the compensation authorities and since there is substantial competent evidence to sustain the basic findings of the referee as affirmed by the board, we are without power to disturb them. *Johnson v. Valvoline Oil Co.,* 131 Pa. Superior Ct. 266, 200 A. 224. In its appeals to the board and to the lower court defendant raised the additional questions whether claimant's employment was casual and not in the regular course of defendant's

business. The board resolved those questions in favor of claimant and affirmed the award. The lower court took the contrary view and entered judgment for the defendant. The sole question on this appeal is whether claimant's employment was within the exceptions of §104 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 PS 22, which relieve the employer from liability. In view of the underlying findings of fact and the supporting evidence, this becomes a question wholly of law. *Blake v. Wilson,* 268 Pa. 469, 112 A. 126; *Passarelli v. Monacelli,* 121 Pa. Superior Ct. 32, 183 A. 65.

Defendant, as an adjunct to its mining operation, established a small mining town known as Large, Pennsylvania. It built upwards of thirty houses on its land near the mine to provide housing for its employees. The mining operation was abandoned in 1931; the mine was then closed and has not been reopened but the corporation thereafter continued to lease the houses to its former employees and to others. One Kostyal was defendant's general superintendent from 1934 until 1937 and during that period he was the representative of defendant in charge of these company houses. Claimant, beginning in 1926 and continuing until the mine was closed in 1931, was a carpenter in the employ of defendant; his duties were those of a general repairman in and about the mine and on their property generally. Thereafter he continued to keep the houses in the settlement in repair under the direction of Kostyal, the superintendent. Though he made all repairs as the need arose, the repair work did not provide full time employment. He, with his family, occupied one of the houses under a lease with defendant and after 1931 was paid for his work at an agreed hourly rate by a credit on his rent or by the company's check. Defendant admits that this was the arrangement with claimant as its employee until December 1935. By the findings of the compensation authorities, upon sufficient evidence, claimant con-

tinued in the same employment with defendant thereafter and until March 30, 1936. He had been directed by Kostyal to repair the roof of one of the company houses occupied by a tenant named Castagne and on that date in the performance of the work, a nail which he was driving, flew and struck his eye destroying the sight.

In the light of controlling legal principles it is clear that claimant's employment was within the regular course of defendant's business and that his employment was not casual in character. Either conclusion will sustain the award, in this case. *Callihan v. Montgomery,* 272 Pa. 56, 115 A. 889.

Defendant's principal business undoubtedly was mining coal, but, to make for efficient operation, it engaged in the subsidiary business of maintaining a "mining town" to provide housing and community service for the accommodation of its employees. Within the contemplation of the Compensation Act an employer may be engaged in more than one business. *J. S. Pitt v. W. H. Dawson,* 86 Pa. Superior Ct. 231; *Strunk v. Keller,* 75 Pa. Superior Ct. 462. And when the mining operation ceased, defendant's only business, so far as the record discloses, was that of leasing and maintaining its houses and facilities in the settlement at Large. It continued this business under the direction of its superintendent and was so engaged at the time of claimant's injury. The repair of one of its houses, being a more or less customary feature of the conduct of that business must be regarded as within its regular course. *Callihan v. Montgomery,* supra; *Hauger v. Walker Co.,* 277 Pa. 506, 121 A. 200. And when entrusted to an employee, the condition of the act has been met. *Blake v. Wilson,* supra. *Ronan v. Eddy, Admr.,* 136 Pa. Superior Ct. 436, 7 A. 2d 534, relied upon by defendant, is a border line case readily distinguishable on its facts and is not applicable here.

On the question whether claimant's employment was

casual, this appeal is ruled by *Cochrane v. Wm. Penn Hotel,* 140 Pa. Superior Ct. 323, 13 A. 2d 875, affirmed in 339 Pa. 549, 16 A. 2d 43. Claimant was a full time employee up to the time the mine closed and was a regular employee thereafter performing whatever repair work was necessary in the maintenance of defendant's property. The employment under the contract of hiring was continuous and the service recurred with some regularity with the expectation of its continuance in the future. In the Cochrane case, p. 552, Mr. Justice STERN said: "As to what constitutes an employment casual in character, it is obvious that the term 'casual' is not capable of scientific definition. Involved in it are the ideas of fortuitous happening and irregularity of occurrence; it denotes what is occasional, incidental, temporary, haphazard, unplanned. Applying it as practically as possible to the subject of employment, it may be said in general that if a person is employed only occasionally, at comparatively long and irregular intervals, for limited and temporary purposes, the hiring in each instance being a matter of special engagement, such employment is casual in character. On the other hand, even though an employment is not continuous, but only for the performance of occasional jobs, it is not to be considered as casual if the need for the work recurs with a fair degree of frequency and regularity, and, it being thus anticipated, there is an understanding that the employee is to perform such work as the necessity for it may from time to time arise." If effect be given to these principles it cannot be said that claimant's employment was casual.

Judgment reversed and directed to be entered for claimant's administratrix on the award.