Opinion by
 

 Stadtfeld, J.,
 

 This is an appeal by defendant, Timothy Shanahan & Son, from an award of compensation to claimant, Elizabeth McCabe, made by a referee, affirmed by the Workmen’s Compensation Board and by the Court of Common Pleas No. 2 of Philadelphia County.
 

 The claimant is the widow of Francis J. McCabe. Defendant admitted that the claimant was the dependent of the deceased and that the accident, on the premises of the defendant, was the cause of deceased’s death. The sole question is whether the employment was casual and not in the regular course of the business of the employer.
 

 From the uncontradicted testimony, it appears that defendant is in the business of hauling and rigging, has a certificate of public convenience covering these services, and that said business ¡is defendant’s sole source of income. Defendant testified that decedent worked for him from 1921 to 1930. Between 1930 and
 
 *493
 
 1939 deceased had not been continuously employed by defendant, but whenever defendant needed extra help, he would call on deceased. This occurred perhaps once a month or once in three months. On such occasions defendant paid deceased $3 per day.
 

 Defendant had lost his building by foreclosure proceedings, and had agreed to remove from it by a certain day. Three days prior to the accident, defendant came to decedent’s home and called him to work for him; no wage was specified, but defendant said it was assumed that the rate would be the same as usual; no length of time was set for the work; defendant did not tell deceased that he was employing him for the purpose of helping him move, or that when the moving was over he would not need him. Decedent worked under the direct supervision and orders of the defendant. Shanahan gave him orders as to the conduct of the moving. During this period of time while McCabe was employed, defendant through his employee Smith continued to do hauling work for others there being no general interruption of defendant’s business. At the time deceased received his fatal injuries he was helping defendant and his assistant to move tackle and other equipment belonging to defendant. Defendant admitted that the job of moving which he was engaged in doing for himself was exactly what he did for others while engaged in the hauling business. Defendant reported the accident to his insurance broker on the following day. Upon these facts the referee held the employment to be within the regular course of the defendant’s business and not casual. Both the board and common pleas court affirmed the referee upon appeals thereto.
 

 Section 104, Workmen’s Compensation Act of June 2, 1915, P. L. 736, amended by the Act of June 21, 1939, P. L. 520, (77 PS §22) provides as follows: “The term 'employee’ as used in this act is declared to be synonymous with servant, and includes — All natural persons who perform services for another for a valuable con
 
 *494
 
 sideration, exclusive of persons whose employment is casual in character and not in the regular course of the business of the employer......” In order that the employer be relieved from liability both elements must be established, i. e., the employment must be (1) casual and (2) not in the regular course of the business of the employer.
 
 Dunlap v. Paradise Camp et al.,
 
 305 Pa. 516, 158 A. 265 (1932).
 
 Maguire v. Valley Forge Military Academy et al.,
 
 116 Pa. Superior Ct. 495, 176 A. 865 (1935). In defining “casual” as used in the act, Mr. Justice Steen, in
 
 Cochrane v. William Penn Hotel et al.,
 
 339 Pa. 549, 16 A. 2d 43, said at page 552: “As to what constitutes an employment casual in character, it is obvious that the term ‘casual’ is not capable of scientific definition. Involved in it are the ideas of fortuitous happening and irregularity of occurrence; it denotes what is occasional, incidental, temporary, haphazard, unplanned. Applying it as practically as possible to the subject of employment, it may be said in general that if a person is employed only occasionally, at comparatively long and irregular intervals, for limited and temporary purposes, the hiring in each instance being a matter of special engagement, such employment is casual in character. On the other hand, even though an employment is not continuous, but only for the performance of occasional jobs, it is not to be considered as casual if the need for work recurs with a fair degree of frequency and regularity, and, it being thus anticipated, there is an understanding that the employee is to perform such work as the necessity for it may from time to time arise. Even if there be but a single or special job involved, this does not conclusively stamp the employment as casual.”
 

 In ascertaining the scope of McCabe’s employment, consideration must be given to the frequency with which he had been employed in the past by defendant.
 

 Quoting from the opinion of Hirt, J. in
 
 Cochrane v. William Penn Hotel et al.,
 
 140 Pa. Superior Ct. 323,
 
 *495
 
 328, 13 A. 2d 875, affirmed as above: “Whether the employment in a particular case, therefore, is casual in character is not entirely dependent upon the nature of work performed, although that is a factor to be considered.
 
 Blake v. Wilson,
 
 supra, (268 Pa. 469, 112 A. 126). If there is a continuing engagement to serve, as where a workman is hired to do all of a definite class of work which an employer in his business can provide, the employment is not necessarily casual, though steady work for regular hours is not provided. It is the continuity of the employment under the contract of hiring rather than the regularity or number of hours of actual work, which determines this quality of the employment; thus the quantity of work at any one time may be small but if the service recurs with some regularity with a fair expectation of its continuance for a reasonable period in the future, the employment is not casual.
 
 Beals v. State Workmen’s Ins. Fd.,
 
 131 Pa. Superior Ct. 418, 200 A. 178;
 
 Maguire v. Val. Forge Mil. Acad.,
 
 116 Pa. Superior Ct. 495, 176 A. 865.”
 

 In the instant case the testimony discloses that deceased was called by defendant Avith some regularity during the last eight years, that the defendant always called him when he needed extra assistance during that period, and there is nothing in the record indicating this would not have gone on had deceased lived. We cannot say that the employment of McCabe under the testimony was merely casual in character.
 

 The appellant employer further contends that the employment was not within the regular course of the business of the employer. The defendant was engaged in the hauling and rigging business. He admitted that at the time the deceased was injured, they were doing the ordinary work Avhich is done on a hauling job. The only distinction was that the defendant Avas engaged in moving his own business. The business was the sole source of defendant’s income. During the progress of the moving, defendant continued to move for others.
 
 *496
 
 There was no general interruption of defendant’s business. Decedent was assisting in the normal operations of the defendant’s business. Defendant was in the hauling business, was doing a hauling job and decedent was assisting therein. The regular course of this defendant’s business was hauling and decedent was engaged therein.
 

 After a careful examination of the record we are of the opinion that the employment of decedent did not come under the exceptions of the Workmen’s Compensation Act.
 

 The assignments of error are overruled and judgment affirmed.