DeMay *v.* Pine Township School District et al.,
Appellants.

Argued April 22, 1946. Before BALDRIGE, P. J.,
RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*John M. Reed,* with him *Edwin M. Clark,* for appellants.

*George Jerko,* for appellee.

OPINION BY ARNOLD, J., July 19, 1946:

In this workmen's compensation case the sole question is whether or not the claimant's employment was

casual, and not in the regular course of the business of the employer. The claimant was awarded compensation by the referee which was affirmed by the board and by the court of common pleas, and defendants appealed.

The defendant, Pine Township School District, is a municipal corporation, created by the School Code of 1911, whose sole duties are to "establish, equip, furnish and maintain a sufficient number of . . . public schools, . . . to educate every person, residing in such district, between the ages of six and twenty-one years, who may attend; . . ." (§401 of the School Code of 1911, as amended, 24 P. S. 331).

The board of school directors inspected eleven school buildings and determined to paint, inside and out, and make minor repairs on four of them. Pursuant to this determination of the board, two members of the board employed the claimant, and others, to paint the outside of one of the buildings, and in the doing of this work the claimant fell and was injured. All materials and tools required for the work were furnished by the school district defendant, and the work was directed and supervised by directors of the school district, constituting a painting committee, which also employed the claimant.

By §104 of the Workmen's Compensation Act, as amended (77 P. S. 22) the term "employee" is first defined and followed by the phrase "exclusive of persons whose employment is casual in character and not in the regular course of the business of the employer." By a long line of cases, to defeat a claim for compensation, the employment must be both casual in character and not in the regular course of the business of the employer:[1] *McCabe v. Timothy Shanahan & Son et al.,*

---

[1] In spite of many and extended amendments or revisions of the Workmen's Compensation Act, the language: "exclusive of persons whose employment is casual in character and not in the regular course of the business of the employer" has been always retained. The Statutory Construction Act of 1937, P. L. 1019, §52, (46 P.S. 552) reads: "(4) That when a court of last resort has construed the

147 Pa. Superior Ct. 491, 24 A. 2d 16; *Dunlap v. Paradise Camp et al.,* 305 Pa. 516, 158 A. 265; *Maguire v. Valley Forge Military Academy et al.,* 116 Pa. Superior Ct. 495, 176 A. 865. If only one of the elements is present, the claimant is entitled to a recovery.

Defendant-appellant here argues that the claimant's work was not in the regular business of the employer, citing *Miller v. Farmers National Bank et al.,* 152 Pa. Superior Ct. 405, 33 A. 2d 646, in which case a bank owning a building rented portions of it to tenants, and a claimant was injured while working on the walls of rented portions, and this court held that under the facts of that case the repairs or renovation were not in the "regular course of that business." It was, however, held in the same case that the claimant's employment was not casual, so that the award of compensation was sustained.

This defendant-employer had but one business, i. e., the operation of an educational system. The duty to keep the physical property of the system in repair would probably be a necessary incident, but in addition the duty to provide the necessary buildings and to *maintain* them in a proper manner is expressly enjoined (§601 of the School Code as amended, 24 P. S. 671).

The claimant being employed in the one, single and only business of the employer, in work which regularly had to be done, his employment was obviously "in the regular course of the business of the employer." See also *Cochrane v. William Penn Hotel et al.,* 339 Pa. 549, 16 A. 2d 43; *Deviney v. J. H. France Fire Brick Company,* 339 Pa. 553, 16 A. 2d 45; *Parisi v. Freedom Oil Company et al.,* 150 Pa. Superior Ct. 260, 27 A. 2d 255.

Judgment affirmed.

---

language used in a law, the Legislature in subsequent laws on the same subject matter intend the same construction to be placed upon such language."