ENRIQUE ARRAIZA IGLESIA, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., ET AL., Respondents.

No. 589.   Decided March 15, 1962.

---

14

*L. E. Dubón, A. Torres Braschi, R. García Cintrón,* and *R. Ruiz Sánchez* for petitioner. Neither the injured workman nor the Industrial Commission appeared before the court.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

This is an appeal from an order of the Industrial Commission of Puerto Rico holding that workman Ju··n Ortiz Cubano sustained an accident while working for employer Enrique Arraiza Iglesia, and that such accident is compensable under the provisions of the Workmen's Accident Compensation Act, Act No. 45 of April 18, 1935 (Sess. Laws, p. 250; 11 L.P.R.A. §§ 1-42). The only issue is whether the work performed by the workman at the time of the events was of an accidental or casual nature and was included in the employer's business, industry, profession, or occupation.[1]

Arraiza is a permanent employee of the Puerto Rico Water Resources Authority in the town of Vega Baja. He owns a garage which is leased to a third person, and in view of the fact that it was leaking he engaged the services of Ortiz Cubano to make certain repairs on the roof, consisting in changing several galvanized-iron plates. Ortiz works regularly in the Department of Education of the Commonwealth in the conservation and repair of school buildings, but he was not on duty the day of the accident, since it was a holiday in memory of Washington's birthday.[2] While the workman was unnailing a roofing board, the latter broke loose causing him to fall on an iron bed as a result of which he sustained injuries which disabled him for work. On a previous occasion—at the time of Santa Clara hurricane—Ortiz had performed certain work for Arraiza "in the same garage, repairing the half doors and the door."

---

[1] In the proceedings before the Industrial Commission petitioner Arraiza denied the labor-management relation, and asserted that the injured laborer was performing the work without his knowledge and consent. The evidence on this point offered at the hearing was conflicting, it having been finally resolved in favor of the claimant. There is sufficient basis in the record for this determination, and it has not been challenged.

[2] Section 387 of the Political Code of 1902, 1 L.P.R.A. § 71, in connection with Executive Order No. 10358 of the President of the United States, of June 9, 1952, 17 F.R. 1529, 5 U.S.C.A. 42 (1960 Supp.).

■ The law on the matter expressly excludes from its application those workmen "whose work is of an accidental or casual nature and is not included in the business, industry, profession, or occupation of the employer." It is so provided in the first paragraph of § 2, 11 L.P.R.A. § 2, and the definition "workman" or "employee" contained in § 38, 11 L.P.R.A. § 39. In the absence of a regulatory definition of what constitutes "accidental or casual nature," [3] we must resort to our own previous decisions in determining the existence of liability in this case.

■■ In *Romero* v. *Industrial Commission*, 73 P.R.R. 750 (1952), we said that the question for decision is whether the employment is casual, not whether the workman or employee is casual, namely, whether it is done without regularity, occasionally, and incidentally; and in order that its meaning may be clearly understood we will refer to its antonyms which are "regular," "systematic," "periodical," and "certain." We further said that if the employment is included in the employer's trade, the workmen are covered by the Act independently of whether the employment was casual or incidental. We expressly held that the work of two workmen employed to manufacture charcoal, when the employer is not habitually or regularly engaged in this activity but merely resorts to it sporadically, is not an activity within any business of the employer, even though the latter obtains profits therefrom.

■ *De Castro* v. *Industrial Commission*, 72 P.R.R. 622 (1951), laid down the construction of our statute in the sense of requiring the concurrence of both requisites—casual or incidental employment and which is not included in the business, industry, profession or occupation of the employer

---

[3] Since the enactment cn April 18, 1935 of the Workmen's Accident Compensation Act, it was provided that "what constitutes temporary or casual work shall be determined by the Industrial Commission through regulations approved by the Governor of Puerto Rico . . . ," § 38 *supra*. Almost twenty-seven years have elapsed and those regulations have not yet been approved. See 11 R.&R.P.R. pp. 389–437.

—in order that the exclusion of the benefits of the Act may operate. See Opinions of the Secretary of Justice 52–57 (1958). The owner of a three-story building operated a beauty-parlor business on the main floor and rented out the other two floors; that she utilized the services of a truck to remove and transport from the second story of that building certain old lumber as a result of which one of the laborers engaged in that work was injured. We stated that the devoting of those floors to rental purposes is not equivalent to the operation of a business within the meaning and scope of § 38 *supra*, whenever the owner does not devote—personally or by an agent—a substantial part of his time to the operation or management of the property.

See, also, *Atiles, Mgr.* v. *Industrial Commission*, 63 P.R.R. 573 (1944); *Hernández* v. *Industrial Commission*, 60 P.R.R. 160 (1942); *Montaner, Mgr.* v. *Industrial Commission*, 57 P.R.R. 263 (1940); cf. *Colón* v. *Industrial Commission*, appeal No. 556, judgment of April 12, 1960; 2 Schneider, Workmen's Compensation Text, § 279 *et seq.*

As stated in the Act itself, the test as to what constitutes accidental or casual employment is the type or nature of the work performed. *Hanes* v. *Ticatch*, 150 N.E.2d 493 (1958), the period of duration of employment, the cost to the employer, and particularly its relation to the employer's business or industry. See Annotations in 107 A.L.R. 934 (1937); 60 A.L.R. 1195 (1929); and 33 A.L.R. 1452 (1924). In the instant case it could hardly be maintained that the lease of a garage constituted an industry or business operated by the petitioner, considering in particular that his habitual occupation was that of employee of a government agency. There is no evidence that Arraiza was engaged in renting out premises. *Schuler* v. *Holmes*, 49 N.W.2d 818 (Iowa 1951); *Plankinton* v. *Schurr*, 137 A.2d 803 (Pa. 1958); *Stein* v. *Felden*, 86 A.2d 19 (N.J. 1952); *Schindler* v. *McFee*, 207 P.2d 1158 (Idaho 1949); cf. *School Directors of Oakdale C.S.* v. *Industrial Commission*, 99 N.E.2d 114 (Ill.

1951), and *De May* v. *Pine Tp. School District*, 48 A.2d 116 (Pa. 1946). The fact that on a previous occasion—during the emergency created by the proximity of an atmospheric disturbance—the claimant had rendered services to the petitioner, is not decisive in establishing the element of continuity in the employment, but rather corroborates that it was infrequent and only in most unusual circumstances.[4] *Cf. Cierpik* v. *Borough of Manasquan*, 64 A.2d 890 (N.J. 1949); *Le Tourneau* v. *Consolidated Fisheries Co.*, 51 A.2d 862 (Del. 1947).

The order entered by the Industrial Commission on August 19, 1960 will be set aside, and the petition for compensation filed by the laborer will be denied.

---

[4] We are not holding that when the employer and the employee have an express or implied understanding extending over a substantial period of time that the latter shall periodically perform a particular kind of service, the employment ceases to be casual. *Aleckson* v. *Kennedy Motor Co.*, 55 N.W.2d 696 (Minn. 1952); *McCabe* v. *Shanahan & Son*, 24 A.2d 16 (Pa. 1942). This question was expressly left open for future consideration.